IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Jonathan Marcum ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 3:12cv108 |
| Dolgencorp, Inc. d/b/a Dollar General ) | |
| ) | |
| ) | |
| Defendant. ) | |

## CLASS COMPLAINT

COMES NOW, the Plaintiff, Jonathan Marcum, by counsel, and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Plaintiff applied for employment at a Dollar General in Richmond. Dollar General failed to comply with procedural protections and requirements imposed on it by the FCRA.

### JURISDICTION/VENUE

2. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) because all material

1

events occurred in this district and division; the Plaintiff resides in this district and division; Defendant has its local office in and regularly does business in this district and division; and the credit reporting agency that provided the consumer report to Defendant is operating in this district and division.

## PARTIES

4. Jonathan Marcum (hereinafter "Marcum") is a citizen of Virginia, resides in Richmond and is a "consumer" as protected and governed by the FCRA.

5. Dolgencorp, Inc (hereinafter "Dollar General") is a Kentucky Corporation. At all times relevant hereto, Dollar General was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

## FACTS

6. Marcum applied for a job at Dollar General on or about January 15, 2012. The lady who interviewed him, Ms. Ruth _____, told him "If you want the job, it's yours".

7. The Dollar General where Plaintiff applied is located in the 360 West Shopping Center on Hull Street Road in the City of Richmond, Virginia.

8. Ms. Ruth _____ was then and at all times mentioned in this lawsuit acting within the scope of her employment at Defendant.

9. As part of the interview process, the Plaintiff may have seen an FCRA disclosure and he may have signed an authorization permitting the Defendant to obtain a consumer report for employment purposes.

10. Defendant submitted a request for a consumer report on Plaintiff to General Information Services (hereinafter "GIS"), a consumer reporting agency.

11. On January 20, 2012, Plaintiff learned that Ms. Ruth _____ was telling people in the shopping center where Dollar General is located that Plaintiff was not going to get the job because of his criminal record.

12. Ms. Ruth _____ specifically informed people in the shopping center, including Henry _____, a manager at the Radio Shack in the same shopping center, that Plaintiff had a firearms conviction.

13. Ms. Ruth _____ also informed people in the shopping center, including Mr. Henry _____, that Plaintiff had a conviction for domestic abuse.

14. Plaintiff has never been convicted of a firearms charge, nor has he ever been convicted of domestic abuse.

15. Subsequently on January 23, 2012 Plaintiff received a letter from GIS, a copy of his consumer report, and a written summary of his FCRA rights.

16. The letter from GIS and the enclosed FCRA Rights Summary failed to comply with the FCRA.

17. Not only was the letter dated just one day before the Defendant made the decision not to hire Plaintiff, but Plaintiff did not receive the letter until three days after Defendant decided not to hire him.

18. As a result, the Defendant failed to provide Plaintiff with a copy of the consumer report and a description in writing of his FCRA Rights before taking an adverse action against him based in whole or in part on the consumer report.

## APPLICABLE LAW

19. Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in

using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –

    (i) a copy of the report; and

    (ii) a description in writing of the rights of the consumer under

this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

20. Defendant failed to provide these documents to Plaintiff, and similarly situated applicants and employees, before declining to hire him based in whole or in part on the results of his consumer report.

## DEFENDANT ACTED WILFULLY

21. Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

22. The statutory language and mandates restricting and governing Defendant's business have been in effect for decades.

23. Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

24. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the

25. Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

26. For example, Senior United States District Judge Robert E. Payne of this very Court ruled on June 1, 2007 that the FCRA requirement to provide a copy of a consumer report before discharge means what it says.

27. Judge Payne opined that the requirement is designed to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken.

28. Despite at least the constructive knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

29. As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs pursuant to §1681n and §1681o.

30. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and will seek certification of that issue.

## COUNT ONE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)
(Class Claim)

31. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff before taking an adverse action that was based in whole or in part on that report.

## COUNT TWO: VIOLATION OF THE FCRA § 1681b (b)(3)(A)(ii)
(Class Claim)

33. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

34. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

### COUNT THREE:
### (Individual Claim)

35. Upon information and belief, during the last 10 days in January 2012 and thereafter, Defendant's authorized representative, Ms. Ruth _____, informed various individuals, employed and not employed at Defendant, including Henry _____, that Plaintiff has been convicted of a firearms offense and domestic abuse charge.

36. Those statements were false and actionable as defamation per se.

37. Plaintiff suffered damages as a result.

38. Every paragraph in this Complaint is hereby incorporated into every other paragraph.


WHEREFORE, Plaintiff prays for relief as follows:

1. statutory and punitive damages under Counts One and Two;

2. actual damages under Count Three;

3. attorneys fees, expenses and costs under Counts One and Two;

4. pre-judgment and post-judgment interest as provided by law; and

5. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

JONATHAN MARCUM

Date: 2/10/12

By: *Christopher Colt North*
Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com