IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JONATHAN MARCUM,

    Plaintiff,

v.	Civil Action No. 3:12cv108

DOLGENCORP, INC. d/b/a/ DOLLAR GENERAL

    Defendant.

## ANSWER TO PLAINTIFF JONATHAN MARCUM'S CLASS COMPLAINT

Defendant Dolgencorp, LLC (incorrectly identified as Dolgencorp, Inc. in the Complaint and hereafter referred to as "Dollar General"), by counsel, submits the following for its Answer to Plaintiff Jonathan Marcum's ("Plaintiff" or "Marcum") "Class Complaint" ("Complaint").

### INTRODUCTION

1. Dollar General admits that this action is purportedly brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and that Marcum applied for a position with Dollar General. Marcum's allegations regarding the requirements of the FCRA call for legal conclusions, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. Dollar General denies that it failed to comply with any procedural protections and requirements imposed on it by the FCRA.

### JURISDICTION / VENUE

2. The allegations in Paragraph 2 of the Complaint are legal conclusions, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

3. The allegations in Paragraph 3 of the Complaint regarding venue are legal conclusions, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. By way of further response, Dollar General denies that all material events occurred in this district and division. Additionally, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint regarding whether Marcum resides in this district and division, and, therefore, denies the same. Further, Marcum's allegations that Dollar General "has its local office" and "regularly does business" in this district and division are ambiguous and, therefore, Dollar General denies the same. Dollar General admits that it conducts retail sales in this district. However, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint regarding whether the credit reporting agency is deemed "operating" in this division and district, and, therefore, denies the same.

## PARTIES

4. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint regarding Marcum's citizenship or place of residence and, therefore, denies the same. Marcum's allegation regarding his status as a "consumer" calls for legal conclusions, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

5. Dollar General admits that Dolgencorp, LLC is organized under the laws of Kentucky. Further, Marcum's allegations regarding Dollar General's status as a "user" of Marcum's "consumer report" calls for legal conclusions, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

**FACTS**

6. Dollar General admits that Marcum applied for a position in a Dollar General store in January 2012. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint regarding whether "Ms. Ruth" interviewed Plaintiff or what "Ms. Ruth" told Plaintiff and, therefore, denies the same.

7. Admitted.

8. The allegations in Paragraph 8 of the Complaint call for legal conclusions, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

9. The allegations in Paragraph 9 of the Complaint regarding the information Marcum "may have seen" or "may have signed" are ambiguous and, therefore, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Consequently, Dollar General denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 of the Complaint call for legal conclusions regarding the phrases "consumer report" and "consumer reporting agency" and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

11. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint regarding what Marcum learned and when Marcum learned it. Therefore, Dollar General denies the allegations in Paragraph 11.

12. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint. Therefore, Dollar General denies the allegations in Paragraph 12.

13. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. Therefore, Dollar General denies the allegations in Paragraph 13.

14. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. Therefore, Dollar General denies the allegations in Paragraph 14.

15. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint regarding what documents Plaintiff actually received and when Plaintiff actually received them. Therefore, Dollar General denies the allegations in Paragraph 15. By way of further response, the allegations in Paragraph 15 of the Complaint call for legal conclusions regarding "consumer reports" and Marcum's rights under the FCRA and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

16. The allegations in Paragraph 16 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

17. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint regarding the date of a letter that has not been attached to the Complaint and the date Marcum allegedly received said letter. Therefore, Dollar General denies the allegations in Paragraph 17 of the Complaint.

18. Denied.

## APPLICABLE LAW

19. The allegations in Paragraph 19 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

20. The allegations in Paragraph 20 of the Complaint call for legal conclusions regarding the requirements of the FCRA and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. By way of further response, Dollar General denies that it violated the FCRA, that class treatment is appropriate, and that Dollar General is liable to Marcum or other purportedly similarly situated candidates and employees, in any manner whatsoever.

## WILLFULNESS

21. The allegations in Paragraph 21 of the Complaint call for legal conclusions regarding willfulness and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. Further, Marcum's reference to Dollar General's "procedures" is vague and ambiguous and, therefore, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint. Therefore, Dollar General denies the allegations in Paragraph 21 of the Complaint. By way of further response, Dollar General denies that it willfully violated the FCRA, that class treatment is appropriate, and that Dollar General is liable to Marcum or other purportedly similarly situated candidates and employees, in any manner whatsoever.

22. The allegations in Paragraph 22 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

23. The allegations in Paragraph 23 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. By way of further response, Dollar General denies that it recklessly violated the FCRA, that class treatment is appropriate, and that Dollar General is liable to Marcum or other purportedly similarly situated candidates and employees, in any manner whatsoever.

24. The allegations in Paragraph 24 are vague and ambiguous because the second sentence is incomplete. Therefore, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and denies the same. Further, the allegations in Paragraph 24 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. By way of further response, Dollar General denies that the legal obligations of the FCRA are all well established in the plain language of the FCRA.

25. The allegations in Paragraph 25 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. Further, Dollar General denies that any reasonable employer knows or can easily discover the mandates of the FCRA.

26. The allegations in Paragraph 26 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

27. The allegations in Paragraph 27 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied.

28. Dollar General denies the allegations in Paragraph 28 of the Complaint.

29. Dollar General denies the allegations in Paragraph 29 of the Complaint.

30. Dollar General denies the allegations of willfulness in Paragraph 30 of the Complaint. By way of further response, Dollar General denies that it negligently violated the FCRA. Dollar General further denies that Marcum's claims can be properly maintained as a class action.

**COUNT ONE**

31. Paragraph 31 does not include allegations of fact, but, rather, a restatement of Marcum's previous allegations. Therefore, no response is required. To the extent a response is required, Dollar General denies the allegations in Paragraph 31.

32. Dollar General denies the allegations in Paragraph 32 of the Complaint.

**COUNT TWO**

33. Paragraph 33 does not include allegations of fact, but, rather, a restatement of Marcum's previous allegations. Therefore, no response is required. To the extent a response is required, Dollar General denies the allegations in Paragraph 33.

34. Dollar General denies the allegations in Paragraph 34 of the Complaint.

**COUNT THREE**

35. Marcum's allegations in Paragraph 35 regarding whether "Ms. Ruth" was an "authorized representative" of Dollar General are vague and ambiguous. As a result, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 35. Therefore, Dollar General denies the allegations in Paragraph 35 of the Complaint. Further, Marcum's allegations regarding whether "Ms. Ruth" was an "authorized representative" of Dollar General call for legal conclusions. To the extent those allegations are contrary to the law, the allegations are denied. Moreover, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 regarding what "Ms. Ruth" allegedly informed various other individuals. Therefore, Dollar General denies the allegations in Paragraph 35 of the Complaint.

36. The allegations in Paragraph 36 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent those allegations are contrary to the law, the allegations are denied. Further, Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint regarding the falsity of the statements referred to in Paragraph 36 and, therefore, denies the same.

37. Dollar General lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint. Therefore, Dollar General denies the allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 does not include allegations of fact, but, rather, a statement incorporating every Paragraph in the Complaint into every other Paragraph. Therefore, no response is required. To the extent a response is required, Dollar General denies the allegations in Paragraph 38 of the Complaint.

39. Dollar General denies each and every allegation in the WHEREFORE paragraph immediately following Paragraph 39. Specifically, Dollar General denies: (1) that it is liable for any statutory and punitive damages whatsoever; (2) that it is liable for any actual damages whatsoever; (3) that this case is suitable for class treatment; (4) that it is liable to Marcum or

other individuals for any attorneys' fees, expenses or costs whatsoever; (5) that it is liable for any pre-judgment and post-judgment interest whatsoever; and (6) that Marcum or other individuals are entitled to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Dollar General reserves the right to add any additional defenses of which they learn during discovery.

### THIRD DEFENSE

Dollar General acted in good faith and without malice or intent to injure Marcum.

### FOURTH DEFENSE

Dollar General did not willfully violate the FCRA or any other legal requirement.

### FIFTH DEFENSE

Dollar General did not negligently violate the FCRA or any other legal requirement.

### SIXTH DEFENSE

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, because any alleged damages are speculative and uncertain.

### SEVENTH DEFENSE

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent neither Marcum nor any member of the purported class has suffered any actual damages.

**EIGHTH DEFENSE**

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent Marcum's damages, if any, were caused by his own acts or omissions, or other acts or omissions of third parties other than Dollar General.

**NINTH DEFENSE**

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent he has failed to mitigate his damages.

**TENTH DEFENSE**

Some or all of the claims stated in the Amended Complaint, including claims made on behalf of the purported class, may be barred by the applicable statute of limitations and/or the doctrine of laches.

**ELEVENTH DEFENSE**

The Amended Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

**TWELFTH DEFENSE**

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

**THIRTEENTH DEFENSE**

Marcum's claims, and the claims made on behalf of the purported class, for punitive damages, may be unconstitutional to the extent they fail to comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia. *See*,

*e.g.*, *Williams v. Telespectrum, Inc.*, No. 3:05cv853, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

### FOURTEENTH DEFENSE

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent that such claims are barred by principles of *res judicata* and/or collateral estoppel or the failure to assert such claims as compulsory counterclaims in prior litigation.

### FIFTEENTH DEFENSE

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by any previous applicable settlements and/or releases.

### SIXTEENTH DEFENSE

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by the doctrine of judicial estoppel.

### SEVENTEENTH DEFENSE

Marcum's claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by the doctrines of waiver and/or estoppel.

### EIGHTEENTH DEFENSE

If and to the extent that Marcum's claims, or those of any purported class member, are determined by the Court to require a showing of negligent conduct (rather than a showing of willfulness or intent), then those claims are barred, in whole or in part, by the negligence of Marcum and the members of the purported class.

### NINETEENTH DEFENSE

Defendants deny that they proximately caused any of the damages claimed by Marcum or members of the purported class.

### TWENTIETH DEFENSE

Marcum's claims, and the claims made on behalf of the purported class, are barred because any alleged violation was innocent and unintentional.

### TWENTY-FIRST DEFENSE

The Court lacks subject matter jurisdiction over Marcum's claims, and the claims made on behalf of the purported class members, because Marcum and the purported class members have failed to allege an injury-in-fact sufficient to confer constitutional standing on those individuals.

### TWENTY-SECOND DEFENSE

Marcum's claim of defamation is barred to the extent the alleged statements were made outside the course and scope of "Ms. Ruth's" employment.

### TWENTY-THIRD DEFENSE

Marcum's claim of defamation is barred to the extent the alleged statements were made without the requisite intent.

### TWENTY-FOURTH DEFENSE

Marcum's claim of defamation is barred to the extent the alleged statements were made subject to privilege.

### TWENTY-FIFTH DEFENSE

Marcum's claim of defamation is barred to the extent Marcum has not suffered any harm or other damages from the allegedly defamatory statements.

**TWENTY-SIXTH DEFENSE**

Marcum's claim of defamation is barred to the extent the allegedly defamatory statements are true.

WHEREFORE, Defendant Dollar General, by counsel, respectfully requests:

(1) that the Court enter judgment in favor of Dollar General and against Marcum on the claims in the Amended Complaint and deny all relief sought by Marcum;

(2) that the Court decline to certify Marcum's claims as a class action;

(3) that the Court award Dollar General its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(4) that the Court award Dollar General such other and further relief as this Court deems just and proper.

Dated: June 15, 2012                              Respectfully Submitted

                                                      **DOLGENCORP, LLC**

                                                      By:  /s/ John C. Lynch
                                                               Of Counsel

John C. Lynch (VSB No. 39267)
Attorney for Defendant
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email: john.lynch@troutmansanders.com

Alan D. Wingfield (VSB No. 27489)
Attorney for Defendant
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, VA 23218-1122
Telephone: (804) 697-1350
Facsimile: (804) 698-5172
Email: alan.wingfield@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a true and correct copy of the foregoing to the following CM/ECF participants:

**Counsel for Plaintiff**
Christopher Colt North
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Email: cnorthlaw@aol.com

Leonard A. Bennett
Consumer Litigation Associates
763 J Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Email: lenbennett@cox.net

      /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
Attorney for Defendant
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email: john.lynch@troutmansanders.com

435547v1