IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JONATHAN MARCUM,

    Plaintiff,

v.                                                           Civil Action No. 3:12cv108

DOLGENCORP, INC. d/b/a/ DOLLAR GENERAL,

    Defendant.

## RULE 26(f) JOINT DISCOVERY REPORT AND PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order of July 5, 2012, counsel for the parties have conferred to develop a proposed discovery plan. The parties submit the following Rule 26(f) Discovery Report and Plan.

1.     **Nature of Claims and Defenses.** Counsel discussed the nature and basis of their claims and defenses.

2.     **Settlement.** Counsel discussed the possibilities for prompt settlement and resolution of the case. The parties recognize the value of early settlement discussions and are working towards being in a position where meaningful discussion can be held.

3.     **Initial Disclosures Under Rule 26(a)(1).** Counsel agreed to modify the timing of the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and to make such disclosures due on or before August 10, 2012.

4.     **Protective Order.** The parties shall confer on the terms of an appropriate Protective Order that may be deemed necessary to protect any confidential or proprietary information that may be exchanged during the course of discovery.

5. **Electronic Discovery**. The parties agree that electronically stored information may be sought in discovery and they will negotiate in good faith as to the scope of the collection and production of such information, as well as the logistics of such a production, at the time the need for such a production arises. To the extent the parties are not able to reach an agreement on the scope of electronic discovery, either party may seek a protective order from the Court under Rule 26(c) of the Federal Rules of Civil Procedure.

6. **Privilege**. Any party withholding the production of documents and/or things in response to a request for those documents or things during the course of discovery on the basis of privilege shall present a log containing the information required under Fed. R. Civ. P. 26(b)(5) of the Federal Rules of Civil Procedure. If the requesting party disputes the applicability of the claimed privilege, it shall bring the objection to the non-disclosing party's attention, and the parties shall attempt in good faith to resolve the dispute on their own. If the parties are unable to resolve the dispute, the requesting party may bring the matter before the Court by motion. The parties agree that each party's initial privilege log shall be due 45 days from the initial discovery request to which the privileged documents are responsive. The parties may extend this time by mutual agreement or, if necessary, seek an extension from the Court.

7. **Limitations/Phased Discovery.** Based on the current Complaint, the parties propose a bifurcated discovery plan in which discovery will be conducted in two phases. In the event the Complaint is amended, the parties agree that they may jointly, or either party may individually, move the Court to amend this discovery schedule.

Phase I discovery shall be completed by November 16, 2012 and shall be limited to: (1) the merits of the named plaintiff's claims that Defendant violated the FCRA with respect to him

and committed defamation; and (2) evidence necessary for the parties to litigate class certification.

The deadline for the parties to file motions for summary judgment based upon Phase I discovery and for the Plaintiff to move for class certification shall be December 7, 2012. Opposition and reply briefs to such motions shall be filed within the timeframes provided in Rule 7(F) of the Local Rules of this Court.

Phase II discovery shall commence upon the Court's ruling on motions for summary judgment and class certification and shall be completed by March 8, 2013, unless otherwise ordered by the Court. Phase II discovery shall take place only to the extent necessary based upon the Court's rulings on the parties' motions for summary judgment and the Plaintiff's motion for class certification. Issues reserved for Phase II discovery include whether the Defendant violated the FCRA with respect to unnamed class members and factual issues bearing on whether the Defendant's alleged violations of the FCRA were willful. These issues include resources and efforts devoted to FCRA compliance, class-wide factual discovery and class member identities.

Based on the current Complaint, the following deadlines shall apply in this case:

| **Activity** | **Deadline** |
|---|:---:|
| Deadline for amending the complaint | August 23, 2012 |
| Close of Phase I discovery | November 16, 2012 |
| Deadline for parties to file motions for summary judgment based upon Phase I discovery | December 7, 2012 |
| Deadline for Plaintiff to file a motion seeking class certification | December 7, 2012 |
| Deadline for Rule 26(a)(2) disclosures | February 21, 2013 |

3

| Activity | Deadline |
|---|---|
| Close of Phase II discovery | March 8, 2013 |
| Deadline for summary judgment based upon Phase II discovery | March 22, 2013 |
| Deadline for Rule 26(a)(3) disclosures | March 29, 2013 |

8.  **Rule 26(f)**.  All items required to be discussed by Rule 26(f) were discussed.

The parties reserve the right to file a motion seeking to alter this discovery plan in the event the Complaint or Answer are amended.


**SEEN AND AGREED**


**COUNSEL FOR PLAINTIFFS:**


/s/Leonard A. Bennett
Leonard A. Bennett
Virginia State Bar No. 37523
*Counsel for Plaintiffs*
CONSUMER LITIGATION ASSOCIATES P.C.
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662
Email:  lenbennett@cox.net

Christopher Colt North
Virginia State Bar No. 16955
*Counsel for Plaintiffs*
THE CONSUMER AND EMPLOYEE RIGHTS LAW FIRM
751-A Thimble Shoals Blvd.
Newport News, VA 23606
Telephone: (757) 873-1010
Facsimile: (757) 873-8375
Email:  cnorthlaw@aol.com

**COUNSEL FOR DEFENDANTS:**

/s/David N. Anthony
David N. Anthony, Esq.
Virginia State Bar No. 31696
*Counsel for Defendant Dolgencorp, Inc. d/b/a Dollar General*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 697-5118
E-mail: david.anthony@troutmansanders.com

John C. Lynch
Virginia State Bar No. 39267
*Counsel for Defendant Dolgencorp, Inc. d/b/a Dollar General*
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email: john.lynch@troutmansanders.com

Alan D. Wingfield
Virginia State Bar No. 27489
*Counsel for Defendant Dolgencorp, Inc. d/b/a Dollar General*
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, VA 23218-1122
Telephone: (804) 697-1350
Facsimile: (804) 698-5172
alan.wingfield@troutmansanders.com

20044791v1