

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**Jonathan Marcum**
For himself and on behalf of all
similarly situated individuals.

        Plaintiff,

v.                                         Civil Action No.: 3:12cv108

**Dolgencorp, Inc. d/b/a Dollar General**

        Defendant.

---

### FIRST AMENDED CLASS COMPLAINT

---

COMES NOW, the Plaintiff, Jonathan Marcum, by counsel, on behalf of himself and all similarly situated individuals, and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Plaintiff applied for employment at a Dollar General in Richmond. Dollar General failed to comply with procedural protections and requirements imposed on it by the FCRA.

### JURISDICTION/VENUE

2. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) because all material events occurred in this district and division; the Plaintiff resides in this district and division; Defendant has its local office in and regularly does business in this district and division; and the

credit reporting agency that provided the consumer report to Defendant is operating in this district and division.

## PARTIES

4. Jonathan Marcum (hereinafter "Marcum") is a citizen of Virginia, resides in Richmond and is a "consumer" as protected and governed by the FCRA.

5. Dolgencorp, Inc (hereinafter "Dollar General") is a Kentucky Corporation. At all times relevant hereto, Dollar General was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

## FACTS

6. Marcum applied for a job at Dollar General on or about January 12, 2012. The lady who interviewed him, Ms. Ruth _____, told him "If you want the job, it's yours".

7. The Dollar General where Plaintiff applied is located in the 360 West Shopping Center on Hull Street Road in the City of Richmond, Virginia.

8. Ms. Ruth _____ was then and at all times mentioned in this lawsuit acting within the scope of her employment at Defendant.

9. As part of the interview process, Defendant provided Plaintiff with an FCRA disclosure and Plaintiff may have signed an authorization permitting the Defendant to obtain a consumer report for employment purposes.

10. The disclosure was not contained in a stand alone document, nor was it clear and unambiguous.

11. Instead, the disclosure and the authorization that accompanied it contained unnecessary, impermissible language, including the following: "I hereby release all persons,

2

including those disclosing the information, Dollar General and its agents, from liability on account of disclosure."

12. In addition, the disclosure stated: "I also hereby authorize the company or its agents to request and obtain the above described information for as long as I am employed by the company."

13. On or about January 12, 2012 Defendant submitted a request for a consumer report on Plaintiff to General Information Services (hereinafter "GIS"), a consumer reporting agency.

14. Upon information and belief, GIS completed the consumer report and made it available on the internet to Defendant on January 19, 2012.

15. On either January 19 or January 20, 2012, Defendant accessed and reviewed the consumer report via the internet or otherwise.

16. On January 20, 2012, Plaintiff learned that Ms. Ruth _____ was telling people in the shopping center where Dollar General is located that Plaintiff was not going to get the job because of his criminal record.

17. Ms. Ruth _____ specifically informed people in the shopping center, including Henry _____, a manager at the Radio Shack in the same shopping center, that Plaintiff had a firearms conviction.

18. Ms. Ruth _____ also informed people in the shopping center, including Mr. Henry _____, that Plaintiff had a conviction for domestic abuse.

19. Plaintiff has never been convicted of a firearms charge, nor has he ever been convicted of domestic abuse.

3

20. Subsequently on January 23, 2012 Plaintiff received a letter from GIS, a copy of his consumer report, and a written summary of his FCRA rights.

21. The letter from GIS and the enclosed FCRA Rights Summary failed to comply with the FCRA.

22. Not only was the letter dated just one day before the date Defendant made the decision not to hire Plaintiff (or one day before), but Plaintiff did not receive the letter until three days after Defendant decided not to hire him.

23. As a result, the Defendant failed to provide Plaintiff with a copy of the consumer report and a description in writing of his FCRA Rights before taking an adverse action against him based in whole or in part on the consumer report.

## APPLICABLE LAW

24. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless –*
>
> a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

25. Section 1681b(b)(2)(A) therefore imposes the duty on Defendant to provide a "clear and conspicuous" disclosure to prospective or current employees that a consumer report

4

about them will be procured. Further, § 1681b(b)(2)(A) mandates that the disclosure must be limited only to a disclosure that a consumer report may be obtained for employment purposes and to the written authorization of the prospective or current employee; no other documents or provisions are allowed. Section 1681b(b)(2)(A) thus prohibits Defendant from including or obtaining other information as part of the disclosure such as a release or waiver of rights or by using multiple conflicting documents to obtain the authorization.

26. Additionally, § 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

27. The purpose of 1681b(b)(3)(A) is to provide a prospective or current employees a sufficient amount of time to review the consumer report, correct any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

28. Defendant procured a consumer reports for Plaintiff and those similarly situated for employment purposes without first obtaining their written authorization to do so on a clear and conspicuous written disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

29. Defendant failed to provide a copy of the consumer report a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with Defendant or otherwise respond before the adverse action was taken.

30. Defendant failed to hire/fired Plaintiff without providing him with any advance notice that it was going to take that adverse action, without providing him with a copy of the consumer report, and without providing him with a summary of his rights under the FCRA.

31. Upon information and belief, it is Defendant's standard hiring practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire/fire people on the spot without the statutory disclosure or written authorization, without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, and without providing them with a summary of their rights under the FCRA before taking the adverse action.

### DEFENDANT ACTED WILFULLY

32. Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

33. The statutory language and mandates restricting and governing Defendant's business have been in effect for decades.

34. Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

35. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the

36. Defendant obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

37. For example, Senior United States District Judge Robert E. Payne of this very Court ruled on June 1, 2007 that the FCRA requirement to provide a copy of a consumer report before discharge means what it says.

38. Judge Payne opined that the requirement is designed to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken.

39. Despite at least the constructive knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

40. As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs pursuant to §1681n and §1681o.

41. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and will seek certification of that issue.

## CLASS ACTION ALLEGATIONS

42. **The FCRA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency.

43. **The FCRA Sub-Classes.** Plaintiff also alleges the following FCRA Sub-Classes, of which Plaintiff is a member:

   a. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i);

   b. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency,

8

against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer under the FCRA, as required by the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii);

44. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

45. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

  a. Whether Defendant violated §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure;

  b. Whether Defendant violated §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

  c. Whether Defendant obtained a written authorization to procure or cause to be procured consumer reports for employment purposes (§1681b(b)(2)(A)(ii));

9

    d.    Whether Defendant provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof (§ 1681b(b)(3)(A)(i));

    e.    Whether Defendant provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

    f.    Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of the consumer;

46.    **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff for class certification purposes seeks only statutory and punitive damages. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

47.    **Adequacy.** Plaintiffs is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

48.    **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual

prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

49. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

## COUNT ONE: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

50. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

51. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(i), because it failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

11

52.     Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

53.     Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

54.     In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT TWO: VIOLATION OF THE FCRA §1681b(b)(2)(A)(ii)

55.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

56.     Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii), because it failed to obtain a valid authorization in writing to procure a consumer report for employment purposes from Plaintiff and those similarly situated applicants and employees.

57.     Plaintiff seeks statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

58.     Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

59.     In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT THREE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

60. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

61. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

62. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

63. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

64. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT FOUR: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

65. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

66. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

67. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

68.   Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

69.   In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT FIVE: INDIVIDUAL CLAIM FOR DEFAMATION

70.   Upon information and belief, during the last 10 days in January 2012 and thereafter, Defendant's authorized representative, Ms. Ruth _____, informed various individuals, employed and not employed at Defendant, including Henry _____, that Plaintiff has been convicted of a firearms offense and domestic abuse charge.

71.   Those statements were false and actionable as defamation per se.

72.   Plaintiff suffered damages as a result.

73.   Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff prays for relief as follows:

1.   statutory and punitive damages under Counts One, Two, Three and Four;

2.   actual damages under Count Five;

3.   attorneys fees, expenses and costs under Counts One, Two, Three and Four;

4.   pre-judgment and post-judgment interest as provided by law; and

5.   such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

**JONATHAN MARCUM**

By: ___/s/ Christopher Colt North___
        Of Counsel

Christopher Colt North, Esq.
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com

Leonard A. Bennett, Esq., VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@cox.net