## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between (1) Plaintiffs Jonathan Marcum and Jackie E. Lewis, Sr. (defined as the "Named Plaintiffs" below), individually and as representatives of the Settlement Class as defined below; and (2) Defendant Dolgencorp, LLC d/b/a Dollar General and its affiliates ("Defendant"). Named Plaintiffs and Defendant are collectively referred to as the "Parties." This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## RECITALS

1.   Defendant obtains background screening reports to be used in connection with certain employment decisions, including in the Commonwealth of Virginia;

2.   On February 13, 2012, Jonathan Marcum commenced the lawsuit styled *Marcum v. Dolgencorp, Inc.*, in the United States District Court for the Eastern District of Virginia, Civil Action No: 3:12cv108, alleging in the Class Complaint that Dolgencorp, Inc. willfully failed to comply with the pre-adverse action notification requirements in 15 U.S.C. § 1681b(b) prior to taking adverse employment action against him and a putative class (the "Litigation");

3.   On October 10, 2012, Jonathan Marcum filed a First Amended Class Complaint and, subsequently, on February 27, 2013, Plaintiffs filed a Second Amended Class Complaint;

4.   Defendant answered the Class Complaint, and the subsequently filed Second Amended Class Complaint, denying the allegations therein and denying that the actions are suitable for certification pursuant to Federal Rule of Civil Procedure 23.  Defendant also filed a

1

contested Motion to Dismiss the First Amended Class Complaint under Rule 12(b)(6), asserting various defenses;

5.      The Named Plaintiffs and their counsel have undertaken substantial investigation and discovery in the Litigation, including written discovery, motions practice, document production and review, interviews with numerous consumers, review of consumer employment reports and notifications, and substantial legal research.

6.      On May 7, 2013, after the Parties had conducted significant fact discovery, the Court entered an order staying the case to permit mediation and assigning United States Magistrate Judge David J. Novak to oversee the mediation;

7.      For nearly a year, the Parties conducted arm's length, contentious, lengthy, and complicated negotiations and agreed in principle to a settlement structure and amount to resolve the Litigation as described further below.  These settlement negotiations included mediation through a private mediator, Retired United States District Court Judge James Robertson, and numerous in-person, telephonic and written communications and conferences with United States Magistrate Judge David J. Novak;

8.      The Parties are willing to enter into this Settlement Agreement to settle the claims of the Named Plaintiffs and Settlement Class Members because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation;

9. ,      Named Plaintiffs and Settlement Class Counsel believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class Members and it is in the best interest of the Settlement Class Members that the Litigation be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court; and

2

10.     Defendant denies all claims asserted against it in the Litigation, denies that class certification would be appropriate if the case was litigated rather than settled, denies all allegations of wrongdoing and liability, and denies that anyone was harmed by the conduct alleged, but nevertheless desires to settle the Named Plaintiffs' claims, and the claims of the purported Settlement Class Members, on the terms and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the proceedings on those issues in the Litigation and fully, finally, and forever putting to rest the controversies engendered.

**NOW THEREFORE**, IT IS AGREED, by and among the Parties, without (a) any admission or concession of the lack of merit of the Litigation whatsoever on the part of the Named Plaintiffs, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendant, that the Litigation and all claims of the Settlement Class Members be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court.

The recitals stated above are true and accurate and are hereby made a part of the Settlement Agreement.

## I.     DEFINITIONS

As used in this Settlement Agreement, the terms defined below shall have the meanings assigned to them when capitalized in the same fashion as in this Part I.  Any other terms that relate to the consumer reporting industry shall have the customary meaning accorded to those terms in the consumer reporting industry.

1.1     "Rule 23(b)(2) Settlement Class" means all natural persons who, according to the records of the Defendant or its agents, were the subject of a background check report used by the

3

Defendant or on the Defendant's behalf for an employment decision during the period beginning on February 13, 2010 through the date both parties execute this Settlement Agreement.

1.2   "Rule 23(b)(3) Settlement Class" means all natural persons who, according to the records of the Defendant or its agents, were the subject of a background check report used by the Defendant or on the Defendant's behalf for an adverse employment decision during the period beginning on February 13, 2007 through July 1, 2013.

1.3   "Rule 23(b)(2) Settlement Class Members" means the members of the Rule 23(b)(2) Settlement Class.

1.4   "Rule 23(b)(3) Settlement Class Members" means the members of the Rule 23(b)(3) Settlement Class.

1.5   "Group One Rule 23(b)(3) Settlement Class Members" means the members of the Rule 23(b)(3) Settlement Class with claims accruing between February 13, 2010 and July 1, 2013.

1.6   "Group Two Rule 23(b)(3) Settlement Class Members" means the members of the Rule 23(b)(3) Settlement Class with claims accruing between February 13, 2007 and February 12, 2010.

1.7   "Validated Group Two Rule 23(b)(3) Settlement Class Members" means the Group Two Rule 23(b)(3) Settlement Class Members who timely submit claim forms to the Settlement Administrator indicating a Valid Claim.

1.8   "Attorneys' Fees" means the attorneys' fees and expenses applied for by Settlement Class Counsel relating to this Settlement Agreement and approved by the Court.

4

1.9 "CAFA Notice" means notice of this proposed settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

1.10 "Class Settlement Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

1.11 "Consumer" means a natural person residing in the United States of America or its territories.

1.12 "Court" means the United States District Court for the Eastern District of Virginia.

1.13 "Defendant" means Dolgencorp, LLC d/b/a Dollar General and its affiliates.

1.14 "Defendant's Counsel" means Troutman Sanders LLP.

1.15 "Effective Date" means the date on which the Court's Final Approval Order and the Court's order regarding Attorneys' Fees have all become final because either (i) no appeal of the Final Approval Order has been filed and the time provided in the applicable rules of procedure within which an appeal may be filed has lapsed, or (ii) if one or more timely appeals have been filed, all such appeals are finally resolved, with no possibility of further appellate review, resulting in final judicial approval of this Settlement. For purposes of this definition, the term "appeal" includes writ proceedings.

1.16 "FCRA" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and any subsequent amendments thereto.

1.17 "FCRA State Equivalents" means any statute of any state, U.S. territory, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the collection, reporting, or use of consumer background check information.

1.18   "Final Approval" means the approval of the Settlement Agreement by the Court at or

after the Final Approval Hearing, and entry on the Court's docket of the Final Approval

Order.

1.19   "Final Approval Order" means a final order and judgment entered by the Court giving

Final Approval to the Settlement Agreement and dismissing with prejudice Named

Plaintiffs' and Settlement Class Members' claims and entering a judgment according to

the terms set forth in this Settlement Agreement.

1.20   "Injunctive Relief and Consent Order" means the consent order in substantially the form

attached hereto as Exhibit A entered by the Court.

1.21   "Final Approval Hearing" or "Final Fairness Hearing" means the hearing at which the

Court will consider and finally decide whether to approve this Settlement, enter the Final

Approval Order, and make such other rulings as are contemplated by this Settlement.

The Final Approval Hearing shall not be scheduled for a date less than 90 days following

the mailing of CAFA Notice as set forth herein.

1.22   "Litigation" means the lawsuit styled as *Marcum, et al. v. Dolgencorp, Inc. a/k/a
Dolgencorp, LLC a/k/a Dolgen, LLC, d/b/a Dollar General*, Civil Action No: 3:12-cv-
108 (E.D. Va.).[1]

1.23   "Rule 23(b)(2) Settlement Class Mail Notice" means the notice (in a form substantially

similar to that attached hereto as Exhibit B and approved by the Court) that will be

mailed to proposed Rule 23(b)(2) Settlement Class Members pursuant to the Notice Plan.

---

[1] This reflects the style of the Second Amended Class Complaint.  Defendant does not agree that the style accurately reflects Defendant's corporate form.

1.24    "Group One Rule 23(b)(3) Settlement Class Mail Notice" means the notice (in a form substantially similar to that attached hereto as Exhibit C and approved by the Court) that will be mailed to proposed Group One Rule 23(b)(3) Settlement Class Members pursuant to the Notice Plan.

1.25    "Group Two Rule 23(b)(3) Settlement Class Mail Notice" means the notice (in a form substantially similar to that attached hereto as Exhibit D and approved by the Court) that will be mailed to proposed Group Two Rule 23(b)(3) Settlement Class Members pursuant to the Notice Plan.  The mail notices referenced in sections 1.23, 1.24, and 1.25 are collectively referred to in this Settlement Agreement as the "Mail Notices."

1.26    "Named Plaintiffs" means the Plaintiffs named in the Litigation, *i.e.*, Jonathan Marcum and Jackie E. Lewis, Sr.

1.27    "Notice and Administration Expenses" means the fees, costs, and expenses incurred by the Settlement Administrator in order to carry out its obligations under this Settlement Agreement.

1.28    "Notice Plan" means the plan for disseminating notice to the proposed Rule 23(b)(2) Settlement Class Members and Rule 23(b)(3) Settlement Class Members as described in Sections 4.1 and 4.2 hereof.

1.29    "Parties" means Named Plaintiffs and Defendant.

1.30    "Payment Notice" means the notice sent to Rule 23(b)(3) Settlement Class Members at the time of payment pursuant to Subsection 7.2.5 and 7.2.6 of this Settlement Agreement.

1.31    "Preliminary Approval" means preliminary approval of the Settlement Agreement by the Court, conditional certification of the Settlement Class, and approval of the method and content of notice to the Settlement Class Members.

1.32  "Preliminary Approval Order" means the order entered by the Court granting Preliminary Approval.

1.33  "Rule 23(b)(2) Settlement Released Remedies" means any and all remedies of Rule 23 class certification, state equivalent, or mass action, for prosecution of any claim under 15 U.S.C. § 1681b(b)(2) or any state law equivalent arising during the period beginning February 13, 2010 and through the date both parties execute this Settlement Agreement.

1.34  "Rule 23(b)(3) Settlement Released Claims" means any and all claims under the federal Fair Credit Reporting Act and FCRA State Equivalents, other than potential claims under 15 U.S.C. § 1681s-2 or state equivalent, arising during the period beginning February 13, 2007 and through July 1, 2013.

1.35  "Released Parties" means and refers to Dolgencorp, LLC d/b/a Dollar General and each of its respective present, former and future affiliates, parents, subsidiaries, corporate family members, insurers, indemnitors, officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, vendors, and assigns, individually, jointly and severally.   The release expressly excludes any consumer reporting agency, regardless of how it may otherwise be categorized herein.

1.36  "Settlement" means the agreement between the Named Plaintiffs (on behalf of themselves and as proposed representatives of the Settlement Classes) and Defendant to settle and compromise Named Plaintiffs' and the Settlement Class Members' claims in the Litigation, as memorialized in this Settlement Agreement and the accompanying documents attached hereto, fully, finally and forever.

1.37  "Settlement Administrator" means American Legal Claim Services, LLC.

1.38 "Settlement Class Counsel" or "Class Counsel" means Leonard Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle M. Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.

1.39 "Settlement Class Members" means the members of the Rule 23(b)(2) Settlement Class and the Rule 23(b)(3) Settlement Class.

1.40 "Settlement Fund" means the escrow account established pursuant to Section 7.1 herein and the four million eighty thousand dollars and zero cents ($4,080,000.00) to be deposited into it pursuant to Section 7.1.

1.41 "Settlement Website" means the internet website established by the Settlement Administrator for purposes of facilitating notice to, and communicating with, the proposed Settlement Class Members, as discussed in Section 4.2.5.

1.42 "Valid Claim" means a claim filed by a Group Two Rule 23(b)(3) Settlement Class Member pursuant to Section 8.1 that the Settlement Administrator determines to be valid, or if the Settlement Administrator is unable to so determine, than by Class Counsel and Defendant's Counsel jointly, pursuant to Section 8.2.

## II. NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION

### 2.1 Defendant's Denial Of Wrongdoing Or Liability

Defendant has asserted and continues to assert many defenses in this Litigation and has expressly denied and continues to deny any fault, wrongdoing or liability whatsoever arising out of the conduct alleged in the Litigation. Defendant expressly denies any fault, wrongdoing or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Litigation. The Parties expressly acknowledge and agree that neither the fact of, nor any

9

provision contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendant's willingness to enter into this Settlement Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement shall constitute or be construed as an admission by or against Defendant or any of the Released Parties of any fault, wrongdoing, violation of law or liability whatsoever, the validity of any claim or fact alleged in the Litigation, or any infirmity of any defenses asserted by Defendant in the Litigation.

2.2   **No Admission by Defendant of Elements of Class Certification**

Defendant denies that a class should be certified other than for purposes of this Settlement and reserves its rights to contest any class certification motion. Defendant contends that this Litigation could not be certified as a class action under Federal Rule of Civil Procedure 23. Nothing in this Settlement Agreement shall be construed as an admission by Defendant or any of the Released Parties that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent the Defendant from opposing class certification or seeking de-certification of the conditionally certified settlement class if Final Approval of this Settlement is not obtained, or not upheld on appeal, including review by the United States Supreme Court.

## III.   MOTION FOR PRELIMINARY APPROVAL

3.1   On or before _____, Settlement Class Counsel shall file this Settlement Agreement with the Court together with a motion for Preliminary Approval that seeks entry of an order that would, for settlement purposes only: (i) certify a conditional settlement class under Federal Rule of Civil Procedure 23 composed of the Settlement Class Members as described in Sections 1.3 and 1.4; (ii) preliminarily approve this proposed Settlement Agreement; (iii)

10

approve the proposed Mail Notices to the proposed Settlement Class Members in a form substantially similar to that attached hereto as Exhibits B, C and D; (iv) certify the Named Plaintiffs as representatives of the Settlement Class; (v) appoint Settlement Class Counsel; and, (vi) appoint the Settlement Administrator.

3.2     Settlement Class Counsel will cause to be hired American Legal Claim Services, LLC as the Settlement Administrator provided it will contract to provide Notice and Administration at or below $270,000.00, plus postage.

## IV.     NOTICE PLAN

### 4.1     <u>Preparation and Production of Settlement Class Lists</u>

4.1.1     Defendant or its agent shall compile a class list within 30 days of preliminary approval of the Settlement. If the class list is generated through or by a third party consumer reporting agency, that agency shall provide the most current address for each class member using its last known records, the National Change of Address database and an address update product otherwise available through that agency (if available), and any personal e-mail address obtained for the Settlement Class Member.

4.1.2     Any class member information from the class list, including but not limited to personal identifying information of class members, shall only be viewed by Defendant, its attorneys, its insurer, and other individuals Defendant deems necessary to effectuate the settlement, and the Settlement Administrator, in administration of this settlement. The Named Plaintiffs, Settlement Class Counsel, and their respective law firms, are prohibited from viewing or receiving any such class member information, and the Settlement Administrator is prohibited from providing the same, without Settlement Class Counsel first articulating the need for the specific information to Defendant's counsel. Defendant's counsel must approve any requested disclosure and the specific

11

content of the disclosure prior to any class member information being provided. To the extent the Parties are unable to agree on the need for the disclosure or the content to be disclosed, the Named Plaintiffs have the burden of seeking approval of the request from United States Magistrate Judge David J. Novak, who shall decide the issue. When deciding the issue, there shall be a presumption against the disclosure of class member identifying information, such as name, address, telephone number, and complete social security number unless such information is reasonably necessary for the performance of duties as counsel for the Settlement Class Members. In the event that Class Counsel is contacted by any specific Settlement Class Member regarding any question related to the administration of the settlement, the Settlement Administrator shall provide any information regarding only that specific consumer to Class Counsel, provided Class Counsel informs Defendant's Counsel of the contact contemporaneously with contacting the Settlement Administrator and provides the Settlement Administrator and Defendant's Counsel with his or her written representation of this contact by that specific consumer verifying that contact with Class Counsel occurred. Class Counsel shall notify Defendant's Counsel of such request. Defendant shall have the opportunity to respond to any request Class Counsel submits to United States Magistrate Judge David J. Novak or to bring any dispute regarding such class member contacts.

4.1.3    Defendant agrees to provide to the Settlement Administrator the last four digits of the Social Security number (unless more information is required to distinguish Settlement Class Members), date of birth, personal (non-business) electronic mail address (if available), and mailing address of each Consumer appearing on the class lists described in this section, to the extent such information is available in, and can be reasonably retrieved from, the database(s) of

Defendant or third party vendors that provide background check related services related to Defendant's hiring process.

4.1.4   Defendant represents that it estimates that there are approximately Fifty-Seven Thousand (57,000) Group One Rule 23(b)(3) Settlement Class Members. Defendant further represents that it estimates that there are approximately Fifty-Five Thousand 55,000 Group Two Rule 23(b)(3) Settlement Class Members.  These estimates constitute a material term of the Settlement. Defendant estimates that the Rule 23(b)(3) Settlement Class sizes do not exceed these estimates by 2%. To the extent the class sizes exceed this estimate (58,140 for the Group One Rule 23(b)(3) Settlement Class and 56,100 for the Group Two Rule 23(b)(3) Settlement Class Members), Defendant and/or its insurer shall have the option, in its sole discretion, to terminate the Settlement Agreement or contribute an additional $53 per additional Group One Rule 23(b)(3) Settlement Class Member.

4.2   **Notice Process**

For purposes of providing court-approved class notices and establishing that the best practicable notice has been given, the provision of class notice will be accomplished in accordance with the following provisions:

4.2.1   The Settlement Administrator shall cause the Rule 23(b)(2) Settlement Class Mail Notice, the Group One Rule 23(b)(3) Settlement Class Mail Notice, and the Group Two Rule 23(b)(3) Settlement Class Mail Notice to be sent within 45 days of preliminary approval, in the manner discussed below.  Prior to sending these notices, the Settlement Administrator shall update mailing addresses through the USPS National Change of Address database and utilize an address verification resource to identify missing addresses.  For up to thirty (30) days following mailing of any mailed Notice, the Settlement Administrator will re-mail the Group One Rule 23(b)(3)

13

Settlement Class Mail Notice and Group Two Rule 23(b)(3) Settlement Class Mail Notice via first-class U.S. mail, postage prepaid, to updated addresses of Consumers identified on the Settlement Class list to the extent that the Settlement Administrator receives address change notifications from the U.S. Postal Service. Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the mailing of the Mail Notices to be filed with the Court. Neither the Parties nor the Settlement Administrator shall have any further obligation to send notice of the Settlement to proposed Settlement Class Members.

4.2.2   Notice to Rule 23(b)(2) Settlement Class

The Parties believe that individualized direct class notice to the Rule 23(b)(2) class is not mandatory. Nevertheless, they agree that notice will be provided as follows:

4.2.2.1   The Settlement Administrator shall provide direct notice to Rule 23(b)(2) Settlement Class Members through the Rule 23(b)(2) Settlement Class Mail Notice. This notice shall direct the Rule 23(b)(2) Settlement Class Members to a website referenced in Subsection 4.2.5 where they will be provided with the new disclosure form Defendant will implement in accordance with the requirements of 15 U.S.C. §1681b(b)(2)(A)(i), as discussed in Section 9.1. They will also be provided with a copy of the Summary of Consumer Rights promulgated by the Consumer Financial Protection Bureau and appearing as of February 18, 2014 at 12 C.F.R. § 1022 Appendix K. With respect to the Rule 23(b)(2) Settlement Class Members who remain employed by Defendant, in accordance with Subsection 4.2.2.3 they will be requested to return signed versions of the new disclosure to Defendant. The website referenced above will provide the functionality for such class members to electronically sign the new disclosure.

14

4.2.2.2   For those Rule 23(b)(2) Settlement Class members who are also members of the Rule 23(b)(3) Settlement Class, the Group One Rule 23(b)(3) Settlement Class Mail Notice and the Group Two Rule 23(b)(3) Settlement Class Mail Notice shall also provide the summary of the terms of the Rule 23(b)(2) settlement, although these individuals will not be requested to return signed copies of the new disclosure.

4.2.2.3.  For those Rule 23(b)(2) Settlement Class members who are not members of the Rule 23(b)(3) Settlement Class, the Settlement Administrator shall provide the Rule 23(b)(2) Settlement Class Mail Notice through a reasonable procedure via personal electronic mail, if available, and if not through Standard Mail.  With respect to the Rule 23(b)(2) Settlement Class Members who are current employees of Defendant, the Settlement Administrator shall email those individuals the Rule 23(b)(2) Settlement Class Mail Notice at the personal electronic mail address that Defendant provides (if available) to the Settlement Administrator pursuant to Paragraph 4.1.3 and, if not available, through Standard Mail.

4.2.2.4.  In addition, within 30 days of the Effective Date the Settlement Administrator shall email the Rule 23(b)(2) Settlement Class Members who are current employees of Defendant a copy of the new disclosure form Defendant will implement in accordance with the requirements of 15 U.S.C. §1681b(b)(2)(A)(i) at the personal electronic mail address that Defendant provides (if available) to the Settlement Administrator pursuant to Paragraph 4.1.3.  The Parties shall work together to draft the subject line for the FCRA disclosure email to these current employees to ensure that the purpose of the email is readily apparent to these current employee class members.  After a reasonable time, the Parties shall notify the Court as to whether a reasonable return of requested signed versions of the new disclosure form has been received by the Settlement Administrator, either in ink or electronically through the settlement website.  In the

event that a small percentage of class members respond to the email sent by the Settlement Administrator by providing signed versions of the new disclosure form, Defendant shall send out a second FCRA disclosure email to those same Rule 23(b)(2) class members still employed by Defendant requesting those class members return to Defendant an electronically signed or wet ink copy of the disclosure under 15 U.S.C. § 1681b(b)(2)(A)(i).

### 4.2.3   Notice to Rule 23(b)(3) Class

The Settlement Administrator shall provide notice to the Rule 23(b)(3) Settlement Class via the Group One Rule 23(b)(3) Settlement Class Mail Notice or the Group Two Rule 23(b)(3) Settlement Class Mail Notice through a reasonable procedure via personal electronic mail, if available, and if not through First Class Mail

### 4.2.4   Electronic Mail Notice

The Settlement Administrator will substitute electronic mail notice for U.S. Postal Service notice for any Consumer on the Settlement Class list for whom it obtains a verifiable personal electronic mail address.  If electronic mail notice to a Settlement Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will provide mail notice to that Settlement Class Member.

### 4.2.5   Internet Notice

The Settlement Administrator will establish a case-specific, standalone website to provide notice of the Settlement.  The Settlement Administrator shall choose a domain name specific to the Settlement, which may not be connected to the Settlement Administrator's company website.  This Settlement Website will be accessible no later than five (5) days prior to the mailing of the Mail Notices described above.  This Settlement Website will set forth the following information:  (i) the full text of the Settlement Agreement; (ii) the Notices; (iii) the

16

Preliminary Approval Order and other relevant orders of the Court; (iv) the last Amended Complaint; (v) Defendant's Answer to the Second Amended Class Complaint; (vi) at Plaintiffs' request and with the consent of Defendant (which shall not be unreasonably withheld), other documents and information determined in good faith by Settlement Class Counsel to be reasonably necessary for effectuating of this settlement and notice process; (vii) if the Settlement is terminated, a notice approved by the Parties notifying Settlement Class Members of such termination; and (viii) contact information for Settlement Class Counsel and the Settlement Administrator. The Settlement Administrator may determine that other information is relevant for inclusion on the Settlement Website and shall submit that information to the Parties. If either party disagrees with information identified for inclusion on the website, the Parties shall submit the dispute to the Court for resolution.

Any language or information appearing on the website in addition to the above-listed documents or information shall appear only with the prior consent of all Parties. If the Parties cannot come to agreement on the specific information to be included on the Settlement Website, they shall submit the dispute to the Court for resolution. Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Settlement Website to be filed with the Court. The Settlement Website shall be disestablished one hundred and eighty (180) days following the mailing of the last Payment Notice as set forth in Subsections 7.2.5 and 7.2.6 or, if this Settlement is terminated, one hundred twenty (120) days following such termination. Any disputes under this Subsection shall be resolved by United States Magistrate Judge David J. Novak.

17

4.2.6   Telephone Assistance Program

The Settlement Administrator shall establish a toll-free telephone number, which will be staffed by the Settlement Administrator, to answer questions from the Settlement Class Members. The toll-free number will provide access to live support, a voice response unit ("VRU"), or a combination of live support and VRU.  It shall also offer a Spanish language alternative number and VRU.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Telephone Assistance Program to be filed with the Court.  The telephone assistance program described in this Subsection shall be maintained by the Settlement Administrator until sixty (60) days following the mailing of the last Payment Notice, pursuant to Subsections 7.2.5 and 7.2.6.

4.3   **Notice Under Class Action Fairness Act of 2005 ("CAFA Notice")**

4.3.1   Defendant will send CAFA Notice in accordance with 28 U.S.C. § 1715(a) not later than ten (10) days after this Settlement Agreement is filed with the Court.  Defendant and/or its representatives will bear the cost associated with sending the CAFA Notice.

4.3.2   Defendant shall file with the Court a certification of the date upon which the CAFA Notice was served.

## V.   PROCEDURES FOR OPT-OUTS, REPRESENTATION, AND OBJECTIONS

5.1   **Opt-Out Procedures**

5.1.1   The Parties agree that Rule 23(b)(2) Settlement Class Members may not opt out of the Rule 23(b)(2) Settlement Class.

5.1.2   The Group One Rule 23(b)(3) Settlement Class Mail Notice and the Group Two Rule 23(b)(3) Settlement Class Mail Notice shall contain information about how a proposed Rule 23(b)(3) Settlement Class Member may opt out of the Settlement, as well as the potential

implications of doing so, including that opting out may preclude later participation in any class action against the Released Parties.

5.1.3   A proposed Settlement Class Member may request to be excluded from the Rule 23(b)(3) Settlement Class by sending a written, non-electronic, request for exclusion to "Exclusion Requests – *Marcum v. Dolgencorp/Dollar General* Settlement Administrator" to the address for the Settlement Administrator provided in the Mail Notices.  The proposed Settlement Class Member's opt out request must contain the Consumer's original signature, current postal address and telephone number, the last four digits of the Consumer's Social Security number, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class.  Opt out requests must be postmarked no later than twenty-one (21) days before the Final Approval Hearing.

5.1.4   In no event shall persons who purport to opt out of the Settlement Class as a group, aggregate, or class, involving more than one Consumer, be considered valid opt-outs.

5.1.5   Requests for exclusion that do not comply with Subsections 5.1.2, 5.1.3, and 5.1.4 are invalid.

5.2   **List of Rule 23(b)(3) Opt-Outs**

No later than five (5) business days after the deadline for submission of opt out requests, the Settlement Administrator shall provide to Settlement Class Counsel and Defendant's Counsel a complete list of all proposed Settlement Class Members who have properly opted out of the Settlement together with copies of the opt out requests.

5.3   **Representation of Opt-Outs and Rule 23(b)(2) Settlement Class Members**

Settlement Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Settlement Class Counsel agree that

19

Consumers who seek to opt out should be represented by counsel who are of the belief that the Settlement Agreement is not fair, reasonable, and in the best interest of the Settlement Class Members. Accordingly, Settlement Class Counsel shall not solicit opt-outs and, if contacted, shall refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against the Released Parties. Further, together with Defendant, Settlement Class Counsel and their respective law firms agree to seek Court approval through the Injunctive Relief and Consent Order of a limitation that they not represent or refer to other counsel any Rule 23(b)(2) Settlement Class Member in any individual action against Defendant under the Federal Fair Credit Reporting Act or FCRA State Equivalent accruing during the class period, other than potential claims under 15 U.S.C. § 1681s-2 or state equivalent.

5.4     **Objections from Settlement Class Members**

Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notices, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and containing the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Settlement Class Counsel and Defendant's Counsel. Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing. Objections to the Settlement Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intends to appear at the Final Fairness Hearing. Any lawyer who intends to

20

appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

## VI.   FINAL FAIRNESS HEARING AND FINAL APPROVAL

### 6.1   **Final Fairness Hearing**

The Parties will jointly request that the Court hold the Final Fairness Hearing to consider approval of the Settlement of the Litigation as provided for herein approximately one hundred (100) days after Preliminary Approval but in no event fewer than 90 days after CAFA Notice is served.  On or before a date at least ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a motion for entry of the Final Approval Order.  The Parties agree that the Final Approval Order constitutes a final judgment dismissing the Litigation with prejudice.

### 6.2   **Final Approval**

All relief contemplated by this Settlement Agreement is expressly contingent upon the Settlement Agreement receiving the Court's Final Approval.

## VII.   SETTLEMENT FUND

### 7.1   **Creation of and Deposit Into Settlement Fund**

Within five (5) days of Preliminary Approval, Settlement Class Counsel shall establish an escrow account or equivalent account approved by Defendant at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the Litigation.  Settlement Class Counsel and Defendant's Counsel shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with this Settlement Agreement.  No funds shall be distributed or paid by the

Financial Institution without written confirmation from both Settlement Class Counsel and Defendant's Counsel.  Settlement Class Counsel shall promptly notify Defendant's Counsel of the date of the establishment of the Settlement Fund account.  Within twenty (20) business days following Preliminary Approval, Defendant shall deposit or cause to be deposited by its insurers, with the Financial Institution, by draft or by wire, the aggregate amount of four million eighty thousand dollars and zero cents ($4,080,000.00).  In no event shall Defendant and/or its insurer contribute more than four million eighty thousand dollars and zero cents ($4,080,000.00) total toward this Settlement, subject to Defendant's discretion as described in Subsection 4.1.4 above.

The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government.  Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class in the event this Settlement Agreement is not terminated by the Defendant and the Effective Date otherwise occurs.

7.2     **Use and Disbursement of Settlement Fund**

7.2.1   The Settlement Fund shall be used only in the manner and for the purposes provided for in this Settlement Agreement.  No portion of the Settlement Fund shall be disbursed except as expressly provided for herein.

7.2.2   **Attorneys' Fees.**  The Settlement Administrator shall pay from the Settlement Fund the Attorneys' Fees as provided in Section 7.3.

7.2.3   **Service Award.**  The Settlement Administrator shall pay from the Settlement Fund the service awards to the Named Plaintiffs as provided in Section 7.4.

7.2.4   **Notice and Administration Expenses**.  The Settlement Administrator shall invoice and be paid from the Settlement Fund for Notice and Administration Expenses as provided in Section 7.5.

7.2.5   **Group One Settlement Payments**.  Within five (5) days after the Effective Date, the Settlement Administrator shall mail Payment Notices and settlement checks in the amounts set forth in Subsections 7.6.1 and 7.6.2 to the Group One Settlement Class Members via U.S. Mail. The settlement checks shall include the appropriate release text as set forth in Subsection 7.6.6. The Payment Notices accompanying the settlement checks shall notify the recipients that the checks must be cashed within sixty (60) days from the date on the Payment Notice and that the enclosed check shall not be valid after that date.  Sixty (60) days after the date on the Payment Notice, if the check has not been deposited or cashed, the amount of the check shall remain in the Settlement Fund for further distribution pursuant to this Settlement Agreement.  Settlement Class Counsel shall take steps to verify with the Financial Institution that payments are not made on checks that have become invalid.

7.2.6   **Group Two Settlement Payments**. Within eighty-five (85) days after the Effective Date, the Settlement Administrator shall mail payments to Validated Group Two Settlement Class Members in the amounts set forth in Subsections 7.6.4 via U.S. Mail.  The settlement checks shall include the appropriate release text as set forth in Subsection 7.6.6.  The Payment Notices accompanying the settlement checks shall notify the recipients that the checks must be cashed within sixty (60) days from the date on the Payment Notice and that the enclosed check shall not be valid after that date.  Sixty (60) days after the date on the Payment Notice, if the check has not been deposited or cashed, the amount of the check shall remain in the Settlement Fund for further distribution pursuant to this Settlement Agreement.  Settlement Class Counsel shall take

steps to verify with the Financial Institution that payments are not made on checks that have become invalid.

7.2.7 **Taxes and Tax Expenses.** Any and all Taxes and Tax Expenses shall be paid from the Settlement Fund.

7.2.8 **Cy Pres.** Within two hundred (200) days after the Effective Date, any excess funds remaining in the Settlement Fund that have not been distributed in accordance with other provisions of this Settlement Agreement shall be distributed to the Virginia Poverty Law Center, Inc., subject to approval by the Court.

7.3 **Attorneys' Fees**

7.3.1 No later than ten (10) days before the Final Approval Hearing, Settlement Class Counsel shall file an application or applications to the Court for reimbursement of Attorneys' Fees and costs from the Settlement Fund, not to exceed twenty-five percent (25%) of the Settlement Fund (the request for Attorneys' Fees and costs is separate from the request for a service award pursuant to Section 7.4). The application or applications shall be noticed to be heard at the Final Fairness Hearing. Defendant does not and will not oppose such a request. To the extent the Court approves an award of Attorneys' Fees in an amount less than the above amount, the difference will remain in the Settlement Fund to be distributed in accordance with this Settlement Agreement.

7.3.2 The application or applications for Attorneys' Fees, and any and all matters related thereto, shall not be considered part of the Settlement Agreement, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Plaintiff and Settlement Class Counsel agree that this Settlement Agreement is not conditioned on the Court's approval of Attorneys' Fees in the requested amount or in any

24

amount whatsoever. The Court's ruling on the application or applications for such fees shall not operate to terminate or cancel the Settlement.

7.3.3   Defendant shall have no responsibility for, or any liability with respect to, the payment of Attorneys' Fees to the Settlement Class Counsel. The sole source of any payment of Attorneys' Fees shall be the Settlement Fund. Attorneys' Fees in the amount approved by the Court will be paid through distribution from the Settlement Fund by the Settlement Administrator within five (5) days after Final Approval, unless there are any objectors who have entered an appearance, in which case they will be distributed within five (5) days after the Effective Date.

7.4     **Service Award to the Named Plaintiffs**

7.4.1   On or before ten (10) days before the Final Fairness Hearing, Settlement Class Counsel shall file an application to the Court for a service award, not to exceed ten thousand dollars ($10,000), to be paid to each Named Plaintiff serving as class representative in support of the Settlement. Defendant does not oppose such a request. To the extent the Court approves a service award in an amount less than the amount above, the difference will remain in the Settlement Fund, to be distributed in accordance with this Settlement Agreement.

7.4.2   Defendant shall have no responsibility for, or any liability with respect to, the payment of service awards to the Named Plaintiffs. The sole source of any service award payment shall be the Settlement Fund. A service award in the amount approved by the Court will be paid through distribution from the Settlement Fund by the Settlement Administrator within five (5) days after Final Approval, unless there are any objectors who have entered an appearance, in which case they will be distributed within five (5) days after the Effective Date.

7.5    **Notice and Administration Expenses**

7.5.1   The Parties have estimated that Notice and Administration Expenses will be $270,000.00, plus postage, or less, which was verified by the Settlement Administrator.

7.5.2   In order to pay the Settlement Class portion of Notice and Administration Expenses from the Settlement Fund, the Settlement Administrator shall withhold from distribution to class members the amount of $270,000.00, plus postage.

7.5.3   If Notice and Administration Expenses exceed Two Hundred Seventy Thousand dollars ($ 270,000.00), plus postage, the excess may be paid from undistributed funds at the end of the settlement process. The Defendant and/or its insurer shall have no responsibility for Notice and Administration Expenses, even if those expenses exceed the Parties' estimate for Notice and Administration Expenses.

7.5.4   The calculation of net settlement payments to Settlement Class Members shall exclude the $270,000.00, plus postage, withheld pursuant to Subsection 7.5.2 to pay the Settlement Class Notice and Administration Expenses.

7.5.5   Within thirty (30) days after entry of the Preliminary Approval Order and every thirty (30) days thereafter, all Notice and Administration Expenses that have been incurred by the Settlement Administrator shall be invoiced. These invoices shall be subject to approval of Settlement Class Counsel and Defendant's Counsel.

7.5.6   The Settlement Administrator shall advise Settlement Class Counsel and Defendant's Counsel of the submission of the final invoice, which must be submitted within 180 days after the Effective Date.

7.5.7   Any disputes relating to this Section 7.5 shall be brought to United States Magistrate Judge David J. Novak for resolution, however, in no event shall Defendant and/or its insurer

have any responsibility for Notice and Administration Expenses, even if those expenses exceed the Parties' estimate for Notice and Administration Expenses.

7.6 **Settlement Class Member Payments**

7.6.1 Group One Rule 23(b)(3) Settlement Class Members are entitled to payment pursuant to the process set forth in Subsection 7.2.5 in the approximate amount of fifty-three dollars and zero cents ($53.00) each, net after common fund attorneys' fees and costs and service awards are deducted from the Settlement Fund, to the extent that the Settlement Fund allows. The amount of each check to be issued to Group One Rule 23(b)(3) Settlement Class Members is subject to *pro rata* deduction from the Settlement Fund for the Notice and Administration Expenses.

7.6.2 Group One Rule 23(b)(3) Settlement Class Members will automatically receive the funds described in Section 7.6.1. These checks will become stale after 60 days. Once a check becomes stale, the proceeds from that check will remain in the Settlement Fund and will thereafter waterfall into a pool in the Settlement Fund known as the "Group Two Claims Fund."

7.6.3 Validated Group Two Rule 23(b)(3) Settlement Class Members will be eligible for payment upon the Settlement Administrator's receipt of a Valid Claim pursuant to the process set forth in Subsection 7.2.6 and Sections 8.1 and 8.2.

7.6.4 Validated Group Two Class Members will be entitled to a pro rata payment, capped at $53.00, from the Group Two Claims Fund.

7.6.5 All payments to Settlement Class Members shall be funded through the Settlement Fund.

7.6.6 Settlement checks shall state: "This payment is tendered to you as a class member in *Marcum v. Dolgencorp, Inc.*, No. 3:12cv108 (E.D. Va.), in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release."

7.7    **Capped Fund**

Except for the costs of the CAFA Notice pursuant to Section 4.3 hereof, all of the following must be paid from the Settlement Fund: (i) payments to the Settlement Class Members; (ii) payments to Settlement Class Counsel for Attorneys' Fees; (iii) service awards to the Named Plaintiffs; and (iv) the Notice and Administration Expenses pursuant to Section 7.5. The Parties and their respective counsel agree that under no circumstances other than those expressly set forth in Section 4.3 with respect to the CAFA Notice will Defendant and/or its insurer pay or cause to be paid more than four million eighty thousand dollars and zero cents ($4,080,000.00) pursuant to this Settlement Agreement.

## VIII.   GROUP TWO RULE 23(b)(3) SETTLEMENT CLASS CLAIMS PROCESS

8.1    **Claims Process**

8.1.1   Group Two Rule 23(b)(3) Settlement Class members may submit their claim for payment no later than fourteen (14) days following Final Approval by registering for a claim on the Settlement Website through the Settlement Administrator; or (2) returning to the Settlement Administrator, via U.S. Mail, the claim form available on the Settlement Website.

8.1.2   Submission of claims forms shall be permitted commencing the day on which notice is disseminated.

8.1.3   To be eligible for payment, a Group Two Rule 23(b)(3) Settlement Class Member must complete a claims form, which shall be made available for submission or download on the Settlement Website or by request from the Settlement Administrator.  The claims form shall be streamlined, requiring only the Group Two Rule 23(b)(3) Settlement Class Member's name, current postal address, current telephone number, last four digits of the class member's Social Security number, and an affirmative statement that he or she was unaware of the accrual of his or

28

her claim pursuant to 15 U.S.C. 1681b(b)(3) prior to February 13, 2010. The Group Two Rule 23(b)(3) Settlement Class Mail Notice and the Settlement Website shall provide instructions for completion of this claims process.

8.1.4    Claims submitted by U.S. Mail shall contain the same information as contained in the electronic form (plus the Group Two Rule 23(b)(3) Settlement Class Member's signature) and shall be mailed to a separate, dedicated post office box established by the Settlement Administrator exclusively for the purpose of receiving such claims as provided herein.

8.2    **Determining Validity of Claims**

8.2.1    Claim forms that do not meet the requirements as set forth in this Settlement Agreement and in the form instructions shall be rejected. The instructions shall provide that any failure to provide accurate information or any failure to make the required representations and attestations concerning membership in the Group Two Rule 23(b)(3) Settlement Class, and any failure to sign a claim form submitted by U.S. Mail, will result in rejection of the claim.

8.2.2    The Settlement Administrator shall have the authority to determine whether a claim made by any Group Two Rule 23(b)(3) Settlement Class Member is a Valid Claim. The Settlement Administrator's determinations in this regard shall be final and non-appealable unless Defendant's Counsel or Class Counsel disagree, in which case the determination shall be made by United States District Court Magistrate Judge David J. Novak.  Any Group Two Rule 23(b)(3) Settlement Class Member whose claim is determined to be a Non-Valid Claim shall not receive a payment, but shall in all other respects be bound by the terms of this Settlement Agreement and by the Final Approval Order entered in the Litigation.

8.2.3    The Settlement Administrator shall notify, in a timely fashion, any Group Two Rule 23(b)(3) Settlement Class Member whose claim has been rejected, setting forth the reasons

29

thereof. The Settlement Administrator shall timely provide copies of all rejection notices to Class Counsel and to Defendant's Counsel.

## 8.3    No Liability for Determinations Relating to Validity of Claims

No person shall have any claim against Defendant, the Named Plaintiffs, the Settlement Class Members, Class Counsel, Defendant's Counsel, or the Settlement Administrator based on any claims determinations made in accordance with this Settlement Agreement.

## IX.    INJUNCTIVE RELIEF FOR RULE 23(B)(2) SETTLEMENT CLASS

## 9.1.    Agreed Injunctive Relief

Subject to the terms and conditions of this Settlement Agreement, the Named Plaintiffs and Defendant have agreed to move jointly for the Court to enter an injunction applicable to Defendant, by consent, which will contain only the terms of the injunctive relief as described in this Section and as set forth in the Injunctive Relief and Consent Order. The Named Plaintiffs pursued the Litigation to address certain practices relating to Defendant's use of consumer background reports. Specifically, the Named Plaintiffs alleged that Defendant's practices violated the FCRA by willfully failing to comply with the disclosure requirements in 15 U.S.C. § 1681b(b)(2) prior to obtaining a consumer report about them for employment purposes. To resolve this dispute, Defendant has agreed to modify the disclosure that it provides when it requests a consumer background report.  Defendant and Class Counsel shall negotiate in good faith regarding this disclosure.

The Parties agree that they will request the Court adopt the Injunctive Relief and Consent Order attached as Exhibit A to this Settlement Agreement, which shall enjoin the Defendant as follows:

a.    Defendant shall implement a new disclosure form in accordance with the

30

requirements of 15 U.S.C. § 1681b(b)(2)(A). The agreed disclosure is attached to the Injunctive Relief and Consent Order attached as Exhibit A to this Settlement Agreement;

b.   Defendant shall implement the new disclosure form within thirty (30) days of the effective date of the Injunctive Relief and Consent Order. Defendant shall continue to use such form for all new employment applications to Defendant where Defendant uses a consumer report regarding the employment applicant until the earlier of: (a.) any change in the law as to such form, (b.) a change in the actual substantive requirements for the form as promulgated by the Federal Trade Commission or the Consumer Financial Protection Bureau, or (c.) two years from the Effective Date.

c.   Defendant may modify the disclosure sooner than the periods described in Subsection 9.1b above with either the consent of Class Counsel, which shall not be unreasonably withheld, or approval of the Court. Court approval can be sought either through a contested motion before the District Court or by conference before·United States Magistrate Judge David J. Novak, at Defendant's election. No provision in this Settlement Agreement or the Injunctive Relief and Consent Order restricting modification of the disclosure, including Section 9.e of this Settlement Agreement, shall apply to any investigative consumer report or state law disclosures Defendant may utilize with respect to consumer reports. Defendant may freely modify any investigative consumer report disclosure or state law disclosures at its discretion.

31

d.    In light of the uncertainty alleged by the Named Plaintiffs regarding the proper application of the FCRA to the Defendant's practices, and Defendant's agreement to the terms of the Injunctive Relief and Consent Order as part of the relief provided under the Settlement Agreement, to the extent that Defendant engages in conduct in conformity with the Injunctive Relief and Consent Order, the Order shall provide that such conduct shall be deemed to be in compliance with the FCRA, and Defendant shall not be subject to further liability for such conduct, including liability for use of an electronic signature with respect to the consent form.

e.    In the event that during the period of the Injunctive Relief and Consent Order, Defendant believes that changes occur in federal or state law which substantively alter Defendant's obligations with respect to the disclosure requirements under 15 U.S.C. § 1681(b)(b)(2)(A) from those contained in the Injunctive Relief and Consent Order, Defendant shall either petition the Court directly for approval of the modified disclosure or seek Class Counsel's consent by providing advance written notice of any proposed change in the disclosure to Class Counsel. If Class Counsel, acting in good faith, disagrees that the proposed change is consistent with changes to law, they shall within fifteen (15) days provide Defendant written notice of any objections to the proposed change in the disclosure and the reasons for same. Thereafter, if Defendant and Class Counsel cannot reach agreement on the proposed change, Defendant may only implement the proposed change upon resolution of a petition to the Court, served on Class Counsel. If Class Counsel does not disagree as outlined above, Defendant shall be entitled to implement

32

immediately the proposed change in practice without need for further order of the Court.

f.    The Injunctive Relief and Consent Order shall require Defendant to, through the Settlement Administrator on the Settlement Website, provide all Rule 23(b)(2) Settlement Class Members with the new disclosure form Defendant will implement in accordance with the requirements of 15 U.S.C. §1681b(b)(2)(A) and a copy of the Summary of Consumer Rights promulgated by the Consumer Financial Protection Bureau and appearing as of February 18, 2014 at 12 C.F.R. § 1022 Appendix K.

g.    The Injunctive Relief and Consent Order shall include a provision that Settlement Class Counsel and their respective law firms not represent or refer to other counsel any Rule 23(b)(2) Settlement Class Member in any individual action against Defendant under the Federal Fair Credit Reporting Act or FCRA State Equivalent accruing during the class period, other than potential claims under 15 U.S.C. § 1681s-2 or state equivalent.

h.    If the Injunctive Relief and Consent Order is not terminated and/or dissolved earlier, as discussed above, the Order shall provide that it shall terminate and dissolve by its terms, without need for further judicial action, two years from the Effective Date.

9.1.1.  To the extent the Parties are unable to ultimately agree on the contents of the new disclosure form for any reason, they shall each submit a proposed disclosure to United States Magistrate Judge David J. Novak, who shall decide the issue.

## X.    RELEASE OF CLAIMS

10.1    **Rule 23(b)(3) Settlement Class Release**

Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Named Plaintiffs and each Rule 23(b)(3) Settlement Class Member who did not validly opt out of the Settlement and each of their respective heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf completely, finally and forever release and discharge the Released Parties of and from the Rule 23(b)(3) Settlement Released Claims.  Subject to the Court's approval, this Settlement Agreement shall bind all Rule 23(b)(3) Settlement Class Members and all of the Rule 23(b)(3) Settlement Released Claims shall be dismissed with prejudice and released as against the Released Parties.  The Rule 23(b)(3) Settlement Released Claims are released regardless of whether the Rule 23(b)(3) Settlement Released Claims are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

10.2    **Release of Rule 23(b)(2) Settlement Class Remedies**

Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Named Plaintiffs and each Rule 23(b)(2) Settlement Class Member and each of their respective heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf shall be completely, finally and forever barred from the use of the Rule 23(b)(2) Settlement Released Remedies against the Released Parties.  Subject to the Court's approval, this Settlement Agreement shall bind all Rule 23(b)(2) Settlement Class Members and they shall be

34

prohibited from asserting or seeking the Rule 23(b)(2) Settlement Released Remedies against the Released Parties. The Rule 23(b)(2) Settlement Released Remedies shall be released as against the Released Parties. The Rule 23(b)(2) Settlement Released Remedies are released regardless of whether the availability of the Rule 23(b)(2) Settlement Released Remedies are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

The Rule 23(b)(2) Settlement Class will not release any individual damage or merits claims. Consistent with the paragraph above, the Rule 23(b)(2) Settlement Class Members shall, however, be barred from use of the remedy of Rule 23 class certification, state equivalent, or mass action, for prosecution of any claim under 15 U.S.C. § 1681b(b)(2) or any state law equivalent arising during the period beginning February 13, 2010 and through the date both parties execute this Settlement Agreement. The Rule 23(b)(2) Settlement Class Mail Notice will explain to the Rule 23(b)(2) Settlement Class that they have waived their non-individual remedies. Defendant in no way waives any defenses it currently has, or may develop in the future, to any individual claims that may be brought by the Rule 23(b)(2) Settlement Class Members. Nor shall this Settlement Agreement constitute an agreement to toll the statute of limitations pertaining to any such claim to the extent it is not already tolled by this litigation.

10.3    **Additional Release by the Named Plaintiffs**

In addition to the releases described above, the Named Plaintiffs hereby release the Released Parties from all manner of actions, causes of action, suits, claims, liabilities and demands of any nature whatsoever that the Named Plaintiffs ever had or now have against the Released Parties, whether at law or in equity, whether known or unknown, whether fixed or

contingent, up until the date of this Settlement Agreement, including but not limited to any claim for defamation. This is intended to be a general release in which the Named Plaintiffs release any and all claims, regardless of subject matter, against the Released Parties.

10.4    **Waiver of California Civil Code Section 1542**

The Named Plaintiffs, for themselves and for each Settlement Classes Member, acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Settlement Classes Counsel now knows or believes to be true with respect to the subject matter of these releases, but it is their intention to, and they do hereby, upon the Effective Date of this Settlement Agreement, fully, finally and forever settle and release any and all of the Rule 23(b)(3) Settlement Released Claims and Rule 23(b)(2) Settlement Released Remedies, as applicable to the respective Settlement Class Members, without regard to the subsequent discovery or existence of such different or additional facts. The Named Plaintiffs, for themselves and for each Settlement Classes Member, waive any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Named Plaintiffs and Settlement Classes Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases. For example, it is expressly understood and agreed by the Named Plaintiffs, for themselves and for each Settlement Classes Member, that this Settlement Agreement is in full accord, satisfaction and discharge of any releases encompassed by this Settlement Agreement and that this Settlement Agreement has been

36

executed by the Named Plaintiffs with the express intention of effectuating the legal consequences provided for in California Civil Code Section 1541, i.e., the extinguishment of certain obligations, known or unknown. Plaintiffs have read Section 1541 and it is fully understood by them. Section 1541 provides as follows:

> AN OBLIGATION IS EXTINGUISHED BY A RELEASE THEREFROM GIVEN TO THE DEBTOR BY THE CREDITOR, UPON A NEW CONSIDERATION, OR IN WRITING, WITH OR WITHOUT NEW CONSIDERATION.

## XI.    TERMINATION AND SUSPENSION

### 11.1    Defendant's Rights to Terminate Agreement

Defendant's willingness to settle this Litigation on a class action basis and to agree to the certification of conditional Settlement Class is dependent upon achieving finality in this Litigation and avoiding the expense of this and other litigation. Consequently, Defendant shall have the unilateral and unfettered right to individually modify the Settlement Agreement through further negotiations with Class Counsel or terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Named Plaintiffs, Settlement Class Members, or Settlement Class Counsel, if any of the following conditions subsequently occurs:

a.    The Court fails or declines to grant Preliminary and Final Approval in accordance with all material terms of this Settlement Agreement, including if the Court makes a material modification to the Final Approval Order such that it is not acceptable to Defendant;

b.    More than 3% of the Rule 23(b)(2) Settlement Class Members request to opt out of the Settlement (to the extent they are deemed to have opt out rights);

c.    More than 3% of the Rule 23(b)(3) Settlement Class Members request to opt out of the Settlement pursuant to Section 5.1;

37

d.    The estimates of the Rule 23(b)(3) Settlement Class sizes trigger the termination right under Subsection 4.1.4; or

e.    The Effective Date does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of the Settlement.

The failure of any court to approve the Attorneys' Fees or service awards in the requested amounts, or any amounts whatsoever, shall not be grounds for Named Plaintiffs or Settlement Class Counsel to terminate this Settlement Agreement.

## 11.2    Plaintiffs' Rights to Terminate Agreement

Settlement Class Counsel shall have the unilateral and unfettered right, in their sole discretion and not withstanding any other provision of the Settlement Agreement, to individually terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to Defendant, or to modify the Settlement Agreement through further negotiations with the Defendant, if the Group One Rule 23(b)(3) Settlement Class size stated in Subsection 4.1.4 increases in such a manner that the net payment amounts provided in Subsection 7.6.1 herein are reduced by more than three percent due to the increase in class size.

## 11.3    Procedure for Terminating Agreement

To terminate this Settlement Agreement, Defendant or Defendant's Counsel shall provide written notice of termination to Settlement Class Counsel via e-mail and first-class U.S. Mail. If the Named Plaintiffs or Settlement Class Counsel elect to terminate this Settlement Agreement under Subsection 11.2, they shall provide written notice of termination to Defendant's Counsel via e-mail and first-class U.S. Mail, notwithstanding the notice provision only requiring mailed notice under Subsection 13.3. Termination of this Settlement Agreement, if valid under the

38

Settlement Agreement, shall become effective on the date such written notice is provided via email.

## 11.4   **Effect of Termination on this or Future Litigation**

If this Settlement Agreement is terminated:

a.     the class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

b.     counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record;

c.     the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party, shall not be used by any party to prove or disprove the validity of any claim, and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

d.     the Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

## 11.5   **Effect on Monies Paid Pursuant to Settlement Agreement**

If this Settlement Agreement is terminated or the Effective Date otherwise does not occur, the Settlement Fund, including interest earned but less Taxes and Tax Expenses that have been properly disbursed pursuant to this Settlement Agreement, shall be returned directly to Defendant or its designee(s) within five (5) days of notification by Defendant.

## XII. PUBLIC STATEMENTS AND STATEMENTS TO THE COURT

12.1    Settlement Class Counsel agree to make no statements, directly or indirectly, to any media source, including but not limited to press releases, concerning the Settlement prior to the Preliminary Approval Hearing.

12.2    Settlement Class Counsel agree to make no statements, directly or indirectly, to any media source, including but not limited to press releases, subsequent to the Preliminary Approval Hearing regarding the Settlement unless Defendant consents to the making of the statement and to the statement's language. This provision does not prohibit Settlement Class Counsel from posting on Settlement Class Counsel's respective law firms' professional website(s) their participation in this case more than sixty days after the Effective Date. This provision is not intended to limit communications of Settlement Class Counsel with any client, Settlement Class Members, or other person directly involved in this case.

## XIII. MISCELLANEOUS PROVISIONS

13.1    **Admissibility of Settlement Agreement**

This Settlement Agreement shall not be offered or be admissible in evidence in any action or proceeding except (1) the hearings necessary to obtain and implement Court approval of this Settlement; or (2) any hearing to enforce the terms of this Settlement Agreement or any related order by the Court.

13.2    **Successors and Assigns**

The terms of this Settlement Agreement shall apply to and bind the Parties as well as their heirs, successors and assigns.

13.3   **Communications with Parties Relating to Settlement Agreement**

All notices, requests for consent, and other formal communications under this Settlement Agreement shall be in writing and sent by mail to counsel for the Party to whom the notice is directed at the following addresses:

**If to Plaintiffs:**

Leonard A. Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA  23601

**If to Defendant:**

John C. Lynch
Troutman Sanders LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462

13.4   Any Party may, by written notice to all the other Parties, change its designated recipient(s) or notice address provided above.

13.5   **Defendant's Communications with Consumers in the Ordinary Course of Business**

Defendant reserves the right to continue communicating with Consumers that are its customers, employees, or prospective employees, including Settlement Class Members, in the ordinary course of business. To the extent Consumers initiate communications regarding this Settlement Agreement, Defendant and its counsel may confirm the fact of a settlement and refer inquiries to the Settlement Administrator.

13.6   **Efforts to Support Settlement**

The Parties and their counsel agree to cooperate fully in seeking Court approval for this Settlement Agreement and to use their best efforts to effect the consummation of the Settlement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Litigation, if so required.

### 13.7 Procedures for Disputes Between Parties Relating to the Settlement Agreement

To the extent any disputes or issues arise with respect to documenting or effecting the Settlement Agreement, the Parties agree to use their best efforts to informally resolve any such disputes or issues; but in the event any such dispute or issue cannot be resolved informally, to bring any such dispute or issue to United States Magistrate Judge David J. Novak for resolution.

### 13.8 Entire and Voluntary Agreement

The Parties intend the Settlement Agreement to be a final and complete resolution of the Litigation. The Parties agree that the terms of the Settlement Agreement were negotiated at arm's length and in good faith and were reached voluntarily after consultation with competent legal counsel. There shall there be no presumption for or against any Party that drafted all or any portion of this Settlement Agreement. This Settlement Agreement contains the entire agreement and understanding concerning the subject matter between the Parties and supersedes all prior negotiations and proposals, whether written or oral. No other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce Named Plaintiffs or Settlement Class Counsel to execute the same. The Parties represent that they have not executed this Settlement Agreement or the other documents in reliance on any promise, representation or warranty not contained or referred to in this Settlement Agreement.

### 13.9 Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

### 13.10   Settlement Agreement Controls

All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. To the extent that there is any conflict between the terms of this Settlement Agreement and the exhibits attached hereto, this Settlement Agreement shall control.

### 13.11   Amendments

The Settlement Agreement may be amended or modified only by a written instrument signed by Defendant and Settlement Class Counsel, or their respective successors-in-interest.

### 13.12   Authorization of Counsel

Settlement Class Counsel, on behalf of the Settlement Class Members, are expressly authorized by the Named Plaintiffs and the Settlement Class Members to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class Members that they deem necessary or appropriate.

Each attorney or other person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such attorney or other person has the full authority to do so.

### 13.13   Confidentiality

All agreements made and Orders entered during the course of the Litigation relating to the confidentiality of information, including the Stipulated Protective Order entered by the Court on August 29, 2012, shall survive this Settlement Agreement.

### 13.14   Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.

43

13.15 **Construction**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any of the Parties. Before declaring any provision of this Settlement Agreement invalid, a court should first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement Agreement valid and enforceable.

13.16 **No Claims Arising from this Settlement Agreement**

No person shall have any claim against any of the Released Parties or counsel for any Released Parties, Named Plaintiff, or Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

13.17 **Applicable Law**

This Settlement Agreement shall, in all respects, be interpreted, construed and governed by and under the laws of the United States of America. To the extent state law applies for any reason, the laws of the Commonwealth of Virginia shall be applied. All judicial proceedings regarding this Settlement Agreement shall be brought only in the Court. Any notice period set forth in this Settlement Agreement shall be calculated pursuant to the Federal Rules of Civil Procedure and the Eastern District of Virginia's Civil Local Rules.

13.18 **Counterparts**

This Settlement Agreement may be executed in one or more counterparts and by facsimile. All executed counterparts and each of them shall be deemed to be one and the same

44

instrument. Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

[remainder of page intentionally left blank]

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement and Release to be executed by their duly authorized representatives.

Dated   10/14/14

PLAINTIFF JONATHAN MARCUM

By: _Susan M Rolt_

Counsel for Plaintiff and
Settlement Class Counsel

Dated   10/14/14

PLAINTIFF JACKIE E. LEWIS, SR.

By: _Susan M Rolt_

Counsel for Plaintiff and
Settlement Class Counsel

Dated   10-7-14

DEFENDANT DOLGENCORP, LLC.

By: _____ MKC

Title: SVP, General Counsel

22039522

*Exhibit "A"*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

JONATHAN MARCUM, *et al.*, *on*
*behalf of themselves and all similarly*
*situated individuals*

                Plaintiffs,                Civil Action No. 3:12cv108

v.

DOLGENCORP, INC. a/k/a Dolgencorp,
LLC a/k/a Dolgen, LLC, d/b/a Dollar
General

                Defendant.

### [PROPOSED] INJUNCTIVE RELIEF AND CONSENT ORDER

This matter having come before the Court for preliminary and final approval of a Settlement reached between the Parties, and upon review and consideration of the Settlement Agreement and the exhibits thereto, the evidence and arguments of counsel presented at the Fairness Hearing held on _____ , 2014, the memoranda filed with the Court, and for other good cause having been shown, IT IS HEREBY ORDERED and ADJUDGED, as follows:

1. The definitions set forth in the Settlement Agreement are hereby incorporated by reference into this Injunctive Relief and Consent Order ("Order"). Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement.

2. This Order shall not become effective until the Effective Date of the Settlement Agreement. In the event that Effective Date does not occur for any reason, this Order shall be null and void *ab initio*.

3.     Class Counsel and Counsel for Defendant have negotiated in good faith as to the contents of a new disclosure form Defendant will implement in accordance with the

requirements of 15 U.S.C. § 1681(b)(b)(2)(A). The agreed form is attached hereto as Exhibit "A".

4. The Defendant shall implement the new disclosure form within thirty (30) days of the effective date of this Order. Defendant shall continue to use such form for all new employment applications to Defendant where Defendant uses a consumer report regarding the employment applicant until the earlier of: (a.) any change in the law as to such form, (b.) a change in the actual substantive requirements for the form as promulgated by the Federal Trade Commission or the Consumer Financial Protection Bureau, or (c.) two years from the Effective Date.

5. Defendant may modify the disclosure sooner than the periods described in Paragraph 4 with either the consent of Class Counsel, which shall not be unreasonably withheld, or approval of the Court. Court approval can be sought either through a contested motion before the District Court or by conference before United States Magistrate Judge David Novak, at Defendant's election. No provision in this Order restricting modification of the disclosure, including Paragraph 7, shall apply to any investigative consumer report or state law disclosures Defendant may utilize with respect to consumer reports, neither of which are restricted, ordered or approved by this Order. Defendant may freely modify any investigative consumer report disclosure or state law disclosures at its discretion.

6. In light of the uncertainty alleged by the Named Plaintiffs regarding the proper application of the Fair Credit Reporting Act ("FCRA") to the Defendant's practices, and Defendant's agreement to the terms of this Order as part of the relief provided under the Court-approved Settlement Agreement, to the extent that Defendant engages in conduct in conformity with this Order, such conduct shall be deemed to be in compliance with the FCRA, and

2

Defendant shall not be subject to further liability for such conduct, including liability for use of an electronic signature with respect to the consent form.

7.     In the event that during the period of this Order, Defendant believes that changes occur in federal or state law which substantively alter Defendant's obligations with respect to the disclosure requirements under 15 U.S.C. § 1681(b)(b)(2)(A) from those contained in this Order, as discussed in Paragraph 4a and 4b, Defendant shall either petition the Court directly for approval of the modified disclosure or seek Class Counsel's consent by providing advance written notice of any proposed change in the disclosure to Class Counsel. If Class Counsel, acting in good faith, disagrees that the proposed change is consistent with changes to law, they shall within fifteen (15) days provide Defendant written notice of any objections to the proposed change in the disclosure and the reasons for same. Thereafter, if Defendant and Class Counsel cannot reach agreement on the proposed change, Defendant may only implement the proposed change upon resolution of a petition to this Court, served on Class Counsel. If Class Counsel does not disagree as outlined above, Defendant shall be entitled to implement immediately the proposed change in practice without need for further order of this Court.

8.     The Settlement Administrator on the Settlement Website shall provide all Rule 23(b)(2) Settlement Class Members with the new disclosure form Defendant will implement in accordance with the requirements of 15 U.S.C. §1681b(b)(2)(A) and a copy of the Summary of Consumer Rights promulgated by the Consumer Financial Protection Bureau and appearing as of February 18, 2014 at 12 C.F.R. § 1022 Appendix K.

9.     Within thirty days of the Effective Date, the Settlement Administrator shall email the Rule 23(b)(2) Settlement Class Members who are current employees of Defendant a copy of the new disclosure form Defendant will implement in accordance with the requirements of 15

U.S.C. §1681b(b)(2)(A)(i) at the personal electronic mail address that Defendant provides (if available) to the Settlement Administrator pursuant to Paragraph 4.1.3 of the Settlement Agreement. After a reasonable time, the Parties shall notify the Court as to whether a reasonable return of requested signed versions of the new disclosure form has been received by the Settlement Administrator, either in ink or electronically through the Settlement Website. In the event that a small percentage of class members respond to the email sent by the Settlement Administrator by providing signed versions of the new disclosure form, Defendant shall send out a second FCRA disclosure email to those same Rule 23(b)(2) class members still employed by Defendant requesting those class members return to Defendant an electronically signed or wet ink copy of the disclosure under 15 U.S.C. § 1681b(b)(2)(A)(i).

10.     Settlement Class Counsel and their respective law firms shall not represent or refer to other counsel any Rule 23(b)(2) Settlement Class Member in any individual action against Defendant under the Federal Fair Credit Reporting Act or FCRA State Equivalent accruing during the class period, other than potential claims under 15 U.S.C. § 1681s-2 or state equivalent. This shall not restrict Settlement Class Counsel from referring an inquiring Rule 23(b)(2) Settlement Class Member to the state bar association for that member's respective state.

11.     If this Order is not terminated and/or dissolved earlier, as discussed above, it shall terminate and dissolve by its terms, without need for further judicial action, two years from the Effective Date.

12.     There shall be no bond posted, in consideration of the nature of the Action.

It is so ORDERED.

_____
James R. Spencer
Senior United States District Judge

Richmond, Virginia
Date: _____, 2014

5

*Exhibit "A" to [Proposed] Injunctive Relief and Consent Order*

**Last Name, First Name**

**Last 4 of SSN**

### <u>CONSUMER REPORT (BACKGROUND CHECK)</u>
### <u>DISCLOSURE AND AUTHORIZATION</u>

### PLEASE TAKE NOTICE THAT DOLLAR GENERAL MAY OBTAIN A
### CONSUMER REPORT ON YOU FOR EMPLOYMENT PURPOSES

Dollar General and its affiliates ("Dollar General") may procure one or more consumer reports about you for employment purposes prior to, and at any time during, your potential employment. These purposes may include evaluating you for employment, promotion, reassignment, or retention as an employee.

Dollar General will obtain these reports through General Information Services ("GIS"), a consumer reporting agency. GIS' contact information is P.O. Box 353, Chapin, South Carolina, 29036; (866) 265-4917; www.geninfo.com.

<u>Authorization</u>

By signing below, I agree that I have carefully read the above notice and I consent to the procurement of a consumer report for employment purposes. I also acknowledge that, to the extent Dollar General hires me, this authorization shall remain in effect throughout my employment, with no need to request a subsequent authorization.

☐   I understand that if I am applying for a job or live in California, Minnesota or Oklahoma I may request a copy of any report that is prepared on me by checking this box.

Initials: _____    Date: _____

M-DD-YY

| Save & Continue | Cancel |
|---|---|

Last Name, First Name

Last 4 of SSN

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la
Consumer Financial Protection Bureau, 1700 G Street N.W., Washington DC 20552.*

**A Summary of Your Rights Under the Fair Credit Reporting Act**

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of
information in the files of consumer reporting agencies. There are many types of consumer
reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell
information about check writing histories, medical records, and rental history records). Here is a
summary of your major rights under the FCRA. **For more information, including information
about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer
Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who
  uses a credit report or another type of consumer report to deny your application for credit,
  insurance, or employment - or to take another adverse action against you - must tell you,
  and must give you the name, address, and phone number of the agency that provided the
  information.

- **You have the right to know what is in your file.** You may request and obtain all the
  information about you in the files of a consumer reporting agency (your "file
  disclosure"). You will be required to provide proper identification, which may include
  your Social Security number. In many cases, the disclosure will be free. You are
  entitled to a free file disclosure if:

  - a person has taken adverse action against you because of information in your credit
    report;

  - you are the victim of identity theft and place a fraud alert in your file;

  - your file contains inaccurate information as a result of fraud;

  - you are on public assistance;

  - you are unemployed but expect to apply for employment within 60 days.

- In addition, all consumers are entitled to one free disclosure every 12 months upon request
  from each nationwide credit bureau and from nationwide specialty consumer reporting
  agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of
  your credit-worthiness based on information from credit bureaus. You may request a
  credit score from consumer reporting agencies that create scores or distribute scores used
  in residential real property loans, but you will have to pay for it. In some mortgage
  transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify
  information in your file that is incomplete or inaccurate, and report it to the consumer

reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need -- usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1-888-567-8688.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For Information about your Federal rights contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1. a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | a. Consumer Financial Protection Bureau 1700 G Street NW Washington, DC 20552 |
| b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | b. Federal Trade Commission: Consumer Response Center — FCRA Washington, DC 20580 (877) 382-4357 |
| 2. To the extent not included in item 1 above: | |
| a. National banks, federal savings associations and federal branches and federal agencies of foreign banks | a. Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney Street, Suite 3450 Houston, TX 77010-9050 |
| b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act | b. Federal Reserve Consumer Help Center PO Box 1200 Minneapolis, MN 55480 |
| c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations | c. FDIC Consumer Response Center 1100 Walnut St., Box #11 Kansas City, MO 64106 |
| d. Federal Credit Unions | d. National Credit Union Administration Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO) 1775 Duke Street Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings Aviation Consumer Protection Division Department of Transportation 1200 New Jersey Avenue, S.E. Washington, DC 20590 |
| 4. Creditors Subject to Surface Transportation Board | Office of Proceedings, Surface Transportation Board Department of Transportation 395 E Street, S.W. Washington, DC 20423 |
| 5. Creditors Subject to Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area Supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access United States Small Business Administration 409 Third Street, SW, 8th Floor Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission 100 F Street, N.E. Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks and Production Credit Associations | Farm Credit Administration 1501 Farm Credit Drive McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | FTC Regional Office for region in which the creditor operates or Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |

Initials: _____     Date: _____

22897554

Save & Continue    Cancel

*Exhibit "B"*

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## NOTICE OF CLASS ACTION SETTLEMENT

**IF DOLLAR GENERAL USED YOUR CONSUMER REPORT (BACKGROUND CHECK) FROM FEBRUARY 13, 2010 THROUGH October 14, 2014, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS**

Under the proposed settlement, Dollar General will make changes to its disclosure form and practices under the Fair Credit Reporting Act ("FCRA"). These changes are summarized below and set forth in full at **www.DolgenSettlementClass.com**. In exchange, the settlement class releases the right to bring a claim for violation of 15 U.S.C. § 1681b(b)(2) of the FCRA, or any state law equivalent, as a class action or mass action.

**A FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT IS SCHEDULED FOR ____ AT ____ A.M.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the settlement is approved, you will have waived and released your right to bring a claim as a class action or as a mass action against Dollar General pursuant to 15 U.S.C. § 1681b(b)(2) or any state law equivalent. The full release and released parties are available on the settlement website, **www.DolgenSettlementClass.com.**. |
| **YOU MAY NOT EXCLUDE YOURSELF FROM THE SETTLEMENT** | Because this is a Rule 23(b)(2) class action settlement, you do not have the right to exclude yourself from the settlement completely (i.e. opt out). The Court's judgment will have a binding effect on the class. |

You may object to the settlement. In that event, you would remain in the settlement class but file written objections to the settlement. The Court will consider the objections in deciding whether to approve the settlement. Instructions for mailing objections are on the settlement website, **www.DolgenSettlementClass.com.**

### WHAT IS THIS LAWSUIT ABOUT?

This lawsuit was filed on February 13, 2012, in the United States District Court for the Eastern District of Virginia (*Marcum, et al. v. Dolgencorp, Inc. a/k/a Dolgencorp, LLC d/b/a Dollar General*, Civil Action No: 3:12cv108).

Jonathan Marcum, and Jackie E. Lewis (the "Plaintiffs") sued Dolgencorp, LLC ("Dollar General" or "Defendant") alleging that it willfully violated the FCRA, 15 U.S.C. § 1681b(b)(2), because it allegedly did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure.

Dollar General contends that it complied with the FCRA at all times. The Court has never made a determination that Dollar General violated the FCRA. This notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit.

The "Rule 23(b)(2) Settlement Class" is defined to include:

> all natural persons who, according to the records of Defendant or its agents, were the subject of a background check report used by the Defendant or on the Defendant's behalf for an employment decision during the period beginning on February 13, 2010 through October 14, 2014.

You are receiving this notice because you are in that class.

### WHAT CAN I GET OUT OF THE SETTLEMENT?

In exchange for dismissal of the lawsuit and the release of the remedy of bringing a lawsuit under 15 U.S.C. § 1681b(b)(2) or state equivalent as a class action or mass action, Dollar General has agreed to an Injunctive Relief and Consent Order requiring certain changes to its FCRA disclosure and practices. A summary of the Injunctive Relief and Consent Order's proposed provisions follows:

- For all new consumer reports Dollar General obtains for persons to whom a conditional offer of employment is made, Dollar General will use a new FCRA disclosure form agreed to by the parties. Dollar General will implement this disclosure within thirty (30) days of the effective date of the Injunctive Relief and Consent Order and will continue to use the form until the earlier of any change in the law as to the form, a change in the actual substantive requirements for the form as promulgated by the Federal Trade Commission or the Consumer Financial Protection Bureau, or two years from the date the Court's approval of the settlement becomes final.

- Dollar General may modify this form sooner than the periods above with either the consent of Plaintiffs' counsel, which shall not be unreasonably withheld, or approval of the Court.

- The new FCRA disclosure form and a statement of rights under the FCRA will be made available to all class members at **www.DolgenSettlementClass.com**.

- The new FCRA disclosure form and a statement of rights under the FCRA will be sent to all class members who are still employed by Dollar General. Current employees of Dollar General are requested to visit **www.DolgenSettlementClass.com** in order to sign the new FCRA disclosure.

## WHO ARE THE ATTORNEYS REPRESENTING THE CLASS AND HOW WILL THEY BE PAID?

The Court has appointed lawyers to represent the class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the class are:

> Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle M. Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.

Subject to Court approval, Plaintiffs' Counsel will seek attorneys' fees in an amount not to exceed twenty-five percent (25%) of the settlement fund established for the administration of this settlement and to make cash payments in the separate settlement of 15 U.S.C. § 1681b(b)(3) claims. The named Plaintiffs may also ask the Court for a service award for them up to $10,000.00. These attorneys' fees, costs and service award payments will be paid from the settlement fund. To the extent there are funds remaining in the settlement fund after the settlement checks are distributed and the time to cash any checks has expired, any uncashed funds will be donated to the Virginia Poverty Law Center as a *cy pres* recipient.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

If the settlement is approved, you will have waived and released your right to bring or participate in a claim as a class action or as a mass action against Dollar General pursuant to 15 U.S.C. § 1681b(b)(2) or any state law equivalent.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on _____2014, at _____ a.m./p.m.. The hearing will be held in the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal U.S. Courthouse, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website **www.DolgenSettlementClass.com**. For more information, you may also call 1-877-_____.

*Exhibit "C"*

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## NOTICE OF CLASS ACTION SETTLEMENT

**IF DOLLAR GENERAL USED YOUR CONSUMER REPORT (BACKGROUND CHECK) FROM FEBRUARY 13, 2010 THROUGH JULY 1, 2013 FOR AN ADVERSE EMPLOYMENT DECISION, YOU COULD RECEIVE A CASH PAYMENT FROM A PROPOSED CLASS ACTION SETTLEMENT (THE "RULE 23(b)(3) SETTLEMENT")**

**As a second part of the proposed settlement, Dollar General will make certain changes to its Fair Credit Reporting Act ("FCRA") disclosure form and practices (the "Rule 23(b)(2) Settlement"). These changes are summarized below and set forth in full at www.DolgenSettlementClass.com. The Rule 23(b)(2) and Rule 23(b)(3) Settlements are referred to as the "settlement."**

**A FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT IS SCHEDULED FOR _____ AT _____ A.M.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will release certain claims and remedies and you will receive a check in the approximate amount of $53.00, subject to deduction for certain settlement expenses. The full release and definition of the released parties are available on the settlement website, **www.DolgenSettlementClass.com.** |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself ("opt out") from the Rule 23(b)(3) Settlement by following the instructions on the settlement website, **www.DolgenSettlementClass.com.**. If you validly opt out, you will not receive any monetary payments from the settlement and you will not have any right to object to the Rule 23(b)(3) settlement, but you will not be bound by the terms of the Rule 23(b)(3) Settlement. The opt out deadline is _____, 2014. <br><br> You do not have the right to exclude yourself from the Rule 23(b)(2) Settlement. If the settlement is approved, you will have waived and released your right to bring a claim as a class action or as a mass action against Dollar General pursuant to 15 U.S.C. § 1681b(b)(2) or any state law equivalent. The Court's judgment will have a binding effect on the class. |

If you do not exclude yourself (where applicable), you may object to the settlement. In that event, you would remain in the settlement but file written objections to the settlement. The Court will consider the objections in deciding whether to approve the settlement. Instructions for mailing objections are on the settlement website, **www.DolgenSettlementClass.com.**

## WHAT IS THIS LAWSUIT ABOUT?

This lawsuit was filed on February 13, 2012, in the United States District Court for the Eastern District of Virginia (*Marcum, et al. v. Dolgencorp, Inc. a/k/a Dolgencorp, LLC d/b/a Dollar General*, Civil Action No: 3:12cv108).

Jonathan Marcum, and Jackie E. Lewis (the "Plaintiffs") sued Dolgencorp, LLC ("Dollar General" or "Defendant") alleging that it willfully violated the FCRA, 15 U.S.C. § 1681b(b)(3), because it allegedly failed to provide the notice required by this law prior to denying employment based on a background check to persons to whom a conditional offer of employment was made. Additionally, Plaintiffs allege that Dollar General willfully violated 15 U.S.C. § 1681b(b)(2) of the FCRA because it allegedly did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure.

Dollar General contends that it complied with the FCRA at all times. The Court has never made a determination that Dollar General violated the FCRA. This notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit.

Within the settlement, you are a member of the "Group One Rule 23(b)(3) Settlement Class." It is defined to include:

> all natural persons who, according to the records of the Defendant or its agents, were the subject of a background check report used by the Defendant or on the Defendant's behalf for an adverse employment decision during the period beginning on February 13, 2010 through July 1, 2013.

There is a separate "Group Two Rule 23(b)(3) Settlement Class," with claims accruing between February 13, 2007 and February 12, 2010.

## WHAT CAN I GET OUT OF THE SETTLEMENT?

A $4,080,000.00 settlement fund will be used to make cash payments the class members. The fund will also be used to pay administration costs and Court awarded attorneys' fees and costs.

You are in Group One. Group One class members will automatically receive a check in the approximate amount of $53.00, subject to

deduction for certain settlement expenses.

You are not in Group Two. Group Two class members will be required to submit a claim form to receive payment, which will be capped at $53.00.

The cost of administration will be approximately $270,000.00, plus postage. Subject to Court approval, Plaintiffs' Counsel will seek attorneys' fees in an amount not to exceed twenty-five percent (25%) of the settlement fund.

The settlement also includes an injunction requiring certain changes to Dollar General's FCRA disclosure forms.

## WHAT IS THE INJUNCTION IN THE SETTLEMENT?

In addition to the cash payments available for the settlement of your claim under 15 U.S.C. § 1681b(b)(3), in exchange for the release of the remedy of bringing a lawsuit under 15 U.S.C. § 1681b(b)(2) or state equivalent as a class action or mass action, Dollar General has agreed to an Injunctive Relief and Consent Order requiring certain changes to its FCRA disclosure form and practices. A summary of the Injunctive Relief and Consent Order's proposed provisions follows:

- For all new consumer reports Dollar General obtains for persons to whom a conditional offer of employment is made, Dollar General will use a new FCRA disclosure form agreed to by the parties. Dollar General will implement this disclosure within thirty (30) days of the effective date of the Injunctive Relief and Consent Order and will continue to use the form until the earlier of any change in the law as to the form, a change in the actual substantive requirements for the form as promulgated by the Federal Trade Commission or the Consumer Financial Protection Bureau, or two years from the date the Court's approval of the settlement becomes final.

- Dollar General may modify this form sooner than the periods above with either the consent of Plaintiffs' counsel, which shall not be unreasonably withheld, or approval of the Court.

- The new FCRA disclosure form and a statement of rights under the FCRA will be made available to all class members at **www.DolgenSettlementClass.com.**

- The new FCRA disclosure form and a statement of rights under the FCRA will be sent to all class members who are still employed by Dollar General. Current employees of Dollar General are requested to visit **www.DolgenSettlementClass.com,** in order to sign the new FCRA disclosure.

## WHO ARE THE ATTORNEYS REPRESENTING THE CLASS AND HOW WILL THEY BE PAID?

The Court has appointed lawyers to represent the class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the class are:

> Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle M. Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.

Subject to Court approval, Plaintiffs' Counsel will seek attorneys' fees in an amount not to exceed twenty-five percent (25%) of the settlement fund. The named Plaintiffs may also ask the Court for a service award for them up to $10,000.00. These attorneys' fees, costs and service award payments will be paid from the settlement fund. To the extent there are funds remaining in the settlement fund after the settlement checks are distributed and the time to cash any checks has expired, any uncashed funds will be donated to the Virginia Poverty Law Center as a *cy pres* recipient.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

You give up your right to sue or file a lawsuit against Dollar General regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include Dollar General, and its parent, subsidiaries, principals and agents, among others. You will be releasing these parties from any and all claims under the FCRA and FCRA State Equivalents, other than potential claims under 15 U.S.C. § 1681s-2 or state equivalent, arising during the period beginning February 13, 2007 and through July 1, 2013. You will also have waived and released your right to bring a claim as a class action or as a mass action against Dollar General pursuant to 15 U.S.C. § 1681b(b)(2) or any state law equivalent.

## IF I CHOOSE TO DO SO, HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

Exclusion may preclude later participation in any class action against the released parties. If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

Exclusion Requests – Marcum v. Dolgencorp/Dollar General Settlement Administrator
American Legal Claim Services, LLC
PO BOX 23648
Jacksonville, Florida 32241

Your request for exclusion must be in writing and postmarked on or before _____, 2014 [21 days prior to Final Fairness Hearing]. The request must state: "I do not want to be part of the Class in *Marcum, et al. v. Dolgencorp, Inc. a/k/a Dolgencorp, LLC d/b/a Dollar General*, Civil Action No: 3:12cv108." The request must be signed and include your name, address, telephone number, and

last four digits of your social security number.  The address you use on your exclusion request should be the address to which this notice was mailed.  If you have a new address, please also inform us of the new address so we can update the appropriate records.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on _____2014, at _____ a.m./p.m..  The hearing will be held in the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal U.S. Courthouse, 701 East Broad Street, Richmond, VA 23219.  At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate.  The Court will hear objections to the settlement, if any.  We do not know how long the Court will take to make its decision.  In addition, the hearing may be continued at any time by the Court without further notice to you.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This notice is only a summary of the proposed settlement of this lawsuit.  Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website **www.DolgenSettlementClass.com**.  For more information, you may also call 1-877-_____.

*Exhibit "D"*

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## NOTICE OF CLASS ACTION SETTLEMENT

**IF DOLLAR GENERAL USED YOUR CONSUMER REPORT (BACKGROUND CHECK) FROM FEBRUARY 13, 2007 THROUGH FEBRUARY 12, 2010 FOR AN ADVERSE EMPLOYMENT DECISION, YOU COULD RECEIVE A CASH PAYMENT FROM A PROPOSED CLASS ACTION SETTLEMENT (the "settlement")**

As a second part of the proposed settlement, Dollar General will make certain changes to its Fair Credit Reporting Act ("FCRA") disclosure form and practices (the "Rule 23(b)(2) Settlement"). These changes are summarized below and set forth in full at **www.DolgenSettlementClass.com.**

**A FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT IS SCHEDULED FOR ____ AT ____ A.M.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will release certain claims and you will not receive any payment. The full release and definition of the released parties are available on the Settlement Website, **www.DolgenSettlementClass.com.** The Court's judgment will have a binding effect on the class. |
| **IF YOU SUBMIT A CLAIM** | If you are a class member that submits a valid, timely, claim, you will release certain claims and will receive a check for up to $53.00. A claim form is available for submission, either electronically or in print, at **www.DolgenSettlementClass.com.** Any failure to provide accurate information on your claim form, the failure to make the required representations or attestations, and any failure to sign a claim form submitted by U.S. Mail, will result in rejection of the claim. |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself ("opt out") from the settlement by following the instructions on the settlement website, **www.DolgenSettlementClass.com.** If you validly opt out, you will not receive any monetary payments from the settlement and you will not have any right to object to the settlement, but you will not be bound by the terms of the settlement. The opt out deadline is _____, 2014. |

If you do not exclude yourself, you may object to the settlement. In that event, you would remain in the settlement but file written objections to the settlement. The Court will consider the objections in deciding whether to approve the settlement. Instructions for mailing objections are on the settlement website, **www.DolgenSettlementClass.com.**

### WHAT IS THIS LAWSUIT ABOUT?

This lawsuit was filed on February 14, 2012, in the United States District Court for the Eastern District of Virginia (*Marcum, et al. v. Dolgencorp, Inc. a/k/a Dolgencorp, LLC d/b/a Dollar General*, Civil Action No: 3:12cv108).

Jonathan Marcum, and Jackie E. Lewis (the "Plaintiffs") sued Dolgencorp, LLC ("Dollar General" or "Defendant") alleging that it willfully violated the FCRA, 15 U.S.C. § 1681b(b)(3), because it allegedly failed to provide the notice required by this law prior to denying employment based on a background check to persons to whom a conditional offer of employment was made. Additionally, Plaintiffs allege that Dollar General willfully violated 15 U.S.C. § 1681b(b)(2) of the FCRA because it allegedly did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure.

Dollar General contends that it complied with the FCRA at all times. The Court has never made a determination that Dollar General violated the FCRA. This notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit.

Within the settlement, you are a member of the "Group Two Rule 23(b)(3) Settlement Class." It is defined to include:

> all natural persons who, according to the records of the Defendant or its agents, were the subject of a background check report used by the Defendant or on the Defendant's behalf for an adverse employment decision during the period beginning on February 13, 2007 through February 12, 2010.

There is a separate "Group One Rule 23(b)(3) Settlement Class," with claims accruing between February 13, 2010 and July 1, 2013.

### WHAT CAN I GET OUT OF THE SETTLEMENT?

A $4,080,000.00 settlement fund will be used to make cash payments to the class members. The fund will also be used to pay administration costs and Court awarded attorneys' fees and costs.

You are not in Group One. Group One class members will automatically receive a check in the approximate amount of $53.00.

You are in Group Two. Group Two class members, including you, will be required to submit a claim form to receive payment, which will be capped at $53.00.

The cost of administration will be approximately $270,000.00, plus postage. Subject to Court approval, Plaintiffs' Counsel will seek attorneys' fees in an amount not to exceed twenty-five percent (25%) of the settlement fund.

The settlement also includes an injunction requiring certain changes to Dollar General's FCRA disclosure form and practices.

## WHAT IS THE INJUNCTION IN THE SETTLEMENT?

In addition to the cash payments available for the settlement of your claim under 15 U.S.C. § 1681b(b)(3), for certain class members, in exchange for the release of the remedy of bringing a lawsuit under 15 U.S.C. § 1681b(b)(2) or state equivalent as a class action or mass action, Dollar General has agreed to an Injunctive Relief and Consent Order requiring certain changes to its FCRA disclosure form and practices. A summary of the Injunctive Relief and Consent Order's proposed provisions follows:

- For all new consumer reports Dollar General obtains for persons to whom a conditional offer of employment is made, Dollar General will use a new FCRA disclosure form agreed to by the parties. Dollar General will implement this disclosure within thirty (30) days of the effective date of the Injunctive Relief and Consent Order and will continue to use the form until the earlier of any change in the law as to the form, a change in the actual substantive requirements for the form as promulgated by the Federal Trade Commission or the Consumer Financial Protection Bureau, or two years from the date the Court's approval of the settlement becomes final.

- Dollar General may modify this form sooner than the periods above with either the consent of Plaintiffs' counsel, which shall not be unreasonably withheld, or approval of the Court.

- The new FCRA disclosure form and a statement of rights under the FCRA will be made available to all class members at **www.DolgenSettlementClass.com.**

- The new FCRA disclosure form and a statement of rights under the FCRA will be sent to all class members who are still employed by Dollar General. Current employees of Dollar General are requested to visit **www.DolgenSettlementClass.com** in order to sign the new FCRA disclosure.

## WHO ARE THE ATTORNEYS REPRESENTING THE CLASS AND HOW WILL THEY BE PAID?

The Court has appointed lawyers to represent the class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the class are:

Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle M. Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.

Subject to Court approval, Plaintiffs' Counsel will seek attorneys' fees in an amount not to exceed twenty-five percent (25%) of the settlement fund. The named Plaintiffs may also ask the Court for a service award for them up to $10,000.00. These attorneys' fees, costs and service award payments will be paid from the settlement fund. To the extent there are funds remaining in the settlement fund after the settlement checks are distributed and the time to cash any checks has expired, any uncashed funds will be donated to the Virginia Poverty Law Center as a *cy pres* recipient.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

You give up your right to sue or file a lawsuit against Dollar General regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include Dollar General, and its parent, subsidiaries, principals and agents, among others. You will be releasing these parties from any and all claims under the FCRA and FCRA State Equivalents, other than potential claims under 15 U.S.C. § 1681s-2 or state equivalent, arising during the period beginning February 13, 2007 and through July 1, 2013.

## IF I CHOOSE TO DO SO, HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

Exclusion may preclude later participation in any class action against the released parties. If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

Exclusion Requests – Marcum v. Dolgencorp/Dollar General Settlement Administrator
American Legal Claim Services, LLC
PO BOX 23648
Jacksonville, Florida 32241-3650

Your request for exclusion must be in writing and postmarked on or before _____, 2014 [21 days prior to Final Fairness Hearing]. The request must state: "I do not want to be part of the Class in *Marcum, et al. v. Dolgencorp, Inc. a/k/a Dolgencorp, LLC d/b/a Dollar General*, Civil Action No: 3:12cv108." The request must be signed and include your name, address, telephone number, and last four digits of your social security number. The address you use on your exclusion request should be the address to which this notice was mailed. If you have a new address, please also inform us of the new address so we can update the appropriate records.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on _____ 2014, at _____ a.m./p.m.. The hearing will be held in the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal U.S. Courthouse, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website **www.DolgenSettlementClass.com**. For more information, you may also call 1-877-_____.

Your Unique Claim Number: **#####**

First Name M.I. Last Name
Street Address 1
Street Address 2
City, ST Zip Code

## CLAIM FORM:

COMPLETE THIS FORM TO OBTAIN A CASH PAYMENT AS DESCRIBED IN THE CLASS NOTICE.

INSTRUCTIONS:

1.      VERIFY THAT YOUR NAME AND ADDRESS INFORMATION IS CORRECT.

2.      PROVIDE YOUR TELEPHONE NUMBER AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY NUMBER.

3.      SIGN BELOW CONFIRMING THAT YOU WERE UNAWARE OF ANY CLAIM PURSUANT TO 15 U.S.C. § 1681 (b)(b)(3) OF THE FAIR CREDIT REPORTING ACT PRIOR TO FEBRUARY 13, 2010.

The deadline to submit a claim is _____. You may also submit this claim online at http://www.___.com.

---

**Section I: Updated Personal Information**

If the preprinted information at the top of this form is not correct, make any changes here.
(STOP! Do not complete this section if the preprinted information above is correct)

First Name, MI, Last Name:_____ _____ _____

Mailing Address:_____

City, State, Zip Code: _____

---

**Section II: Additional Information:**

Telephone Number (**required**): (_____) _____

The Last Four Digits of your Social Security Number (**required**):_____

Email Address (if you have one) _____

---

**Section III:       Signature:**

Name:_____

CLASS ADMINISTRATOR MAILING INFO.