IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JONATHAN MARCUM

and

JACKIE E. LEWIS, SR.,
For themselves and on behalf of all
similarly situated individuals.

    Plaintiffs,

v.                                                                        Civil Action No.: 3:12cv108

DOLGENCORP, INC. a/k/a Dolgencorp, LLC
a/k/a Dolgen, LLC, d/b/a Dollar General,

    Defendant.

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the Parties to this action, Jonathan Marcum and Jackie E. Lewis, Sr. (hereinafter referred to as "Plaintiffs"), and defendant Dolgencorp, LLC (incorrectly identified as Dolgencorp, Inc. in the Second Amended Class Complaint and hereinafter referred to as "Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement and Release (hereinafter referred to as the "Settlement Agreement"). The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement).

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on _____ after notice to the proposed Settlement Class Members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **Rule 23(b)(2) Settlement Class**: Pursuant to Fed. R. Civ. P. 23(b)(2), the Litigation is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (herein referred to as the "Rule 23(b)(2) Settlement Class Members") with respect to the claims asserted in the Litigation:

> All natural persons who, according to the records of the Defendant or its agents, were the subject of a background check report used by the Defendant or on the Defendant's behalf for an employment decision during the period beginning on February 13, 2010 through October 14, 2014. Counsel of record (and their respective law firms) for any of the Parties, along with the presiding judge in this action and his staff, and all members of their immediate families, are excluded from this class definition.

3. **Preliminary Class Certification of Rule 23(b)(2) Settlement Class**: The Court preliminarily finds that the Litigation and Rule 23(b)(2) Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   a. The Rule 23(b)(2) Settlement Class Members are so numerous that joinder of all of them in the Litigation is impracticable;

2

    b. There are questions of law and fact common to the Rule 23(b)(2) Settlement Class Members, which predominate over any individual questions;

    c. The claims of the class representatives are typical of the claims of the Rule 23(b)(2) Settlement Class Members;

    d. The class representatives and Class Counsel have fairly and adequately represented and protected the interests of all Rule 23(b)(2) Settlement Class Members; and

    e. The Court finds that as to the Rule 23(b)(2) Settlement Class Members, Defendant has acted on grounds that apply generally to the class. Defendant procures consumer reports for employment purposes, thereby triggering obligations under 15 U.S.C. § 1681b(b)(2)(A). While Defendant maintains that it has always complied with the law, the fact that the settlement modifies Defendant's disclosure form as to the Rule 23(b)(2) Settlement Class Members and subsequent candidates, and provides certain disclosures to those class members, makes it appropriate for certification under Rule 23(b)(2). The Court further finds that the injunctive relief barring the use of the class certification, state equivalent, or mass action remedy preserves non-collective claims for the Rule 23(b)(2) Settlement Class Members and does not preclude certification under Rule 23(b)(2). Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(2) are satisfied.

    4. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(2) Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and

statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement and all associated proceedings had not been negotiated, made, or filed with the Court.

5. **Rule 23(b)(3) Settlement Class**: Pursuant to Fed. R. Civ. P. 23(b)(3), the Litigation is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (hereinafter referred to as the "Rule 23(b)(3) Settlement Class Members") with respect to the claims asserted in the Litigation:

> All natural persons who, according to the records of the Defendant or its agents, were the subject of a background check report used by the Defendant or on the Defendant's behalf for an adverse employment decision during the period beginning on February 13, 2007 through July 1, 2013. Counsel of record (and their respective law firms) for any of the Parties, along with the presiding judge in this action and his staff, and all members of their immediate families, are excluded from this class definition.

6. The Rule 23(b)(3) Settlement Class consists of two categories of individuals – those members with claims accruing between February 13, 2010 and July 1, 2013 and those members with claims accruing between February 13, 2007 and February 12, 2010. The treatment of these individuals is discussed in the Settlement Agreement.

7. **Preliminary Class Certification of Rule 23(b)(3) Settlement Class**: The Court preliminarily finds that the Litigation and Rule 23(b)(3) Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   a. The Rule 23(b)(3) Settlement Class Members are so numerous that joinder of all of them in the Litigation is impracticable;

   b. There are questions of law and fact common to the Rule 23(b)(3) Settlement Class

4

Members, which predominate over any questions affecting only individual members;

c. The claims of the class representatives are typical of the claims of the Rule 23(b)(3) Settlement Class Members;

d. The class representatives and Class Counsel have fairly and adequately represented and protected the interests of all Rule 23(b)(3) Settlement Class Members; and

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

8. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(3) Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement and all associated proceedings had not been negotiated, made, or filed with the Court.

9. **Class Representative Appointment**: Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs Jonathan A. Marcum and Jackie E. Lewis, Sr. as the class representatives for the Rule 23(b)(2) Settlement Class and the Rule 23(b)(3) Settlement Class. The Court finds that the Plaintiffs have no interests that are adverse or antagonistic to the

interests of the Rule 23(b)(2) Settlement Class or the Rule 23(b)(3) Settlement Class. Both of the Plaintiffs share the common interest with the Rule 23(b)(2) Settlement Class Members of obtaining certain benefits, including full notice of certain rights under the Fair Credit Reporting Act. Each Rule 23(b)(3) Settlement Class Member will benefit, or have the option of benefitting, from the monetary relief fund, from which payments of attorneys' fees and costs will also be covered. The settlement also preserves the right of Rule 23(b)(3) Settlement Class Members to opt out of the monetary relief portion of the settlement and preserves potential non-collective claims of Rule 23(b)(2) Settlement Class Members.

10. **Class Counsel Appointment**: Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are designated class counsel under Fed. R. Civ. P. 23(g)(1): Leonard Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle M. Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.

11. **Creation of and Deposit into Settlement Fund**: Within five days of entry of this Order, Class Counsel shall establish an escrow account or equivalent account approved by Defendant at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the Litigation. Class Counsel and Defendant's Counsel shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with the Settlement Agreement. No funds shall be distributed or paid by the Financial Institution without written confirmation from both Class

Counsel and Defendant's Counsel. Class Counsel shall promptly notify Defendant's Counsel of the date of the establishment of the Settlement Fund account. Within twenty (20) business days following entry of this Preliminary Approval Order, Defendant shall deposit or cause to be deposited by its insurers, with the Financial Institution, by draft or by wire, the aggregate amount of four million eighty thousand dollars and zero cents ($4,080,000.00). The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned if any on the Settlement Fund shall be for the benefit of the Rule 23(b)(3) Settlement Class in the event the Settlement Agreement is not terminated by the Defendant and the Effective Date otherwise occurs.

12. **Third-Party Class Action Administrator**: Class Counsel shall retain American Legal Claim Services, LLC as the Settlement Administrator to oversee the administration of the settlement and the notification to proposed Settlement Class Members. Notice and Administration Expenses shall be paid in accordance with Section 7.5 of the Settlement Agreement. The Settlement Administrator will be responsible for the tasks designated to it in the Settlement Agreement, including, but not limited to, mailing the approved class action notices to the proposed Settlement Class Members and, if the Settlement receives final approval from this Court, mailing the settlement checks to the applicable Rule 23(b)(3) Settlement Class Members. The settlement checks shall issue from the Settlement Fund only, and the Settlement Administrator will verify that the settlement checks were mailed.

13. **Class Notice**: The Court approves the form and substance of the Notice Plan proposed in the Settlement Agreement and the notices of class action settlement, attached as Exhibits B, C, and D to the Settlement Agreement. The proposed forms and methods for

notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(A) & (B) and due process. The proposed notices constitute the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notices concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the classes certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on class members. The notices to the Rule 23(b)(2) Settlement Class and Rule 23(b)(3) Settlement Class are designed to reach a significant number of class members and are otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process.

14. **Exclusions from the Rule 23(b)(3) Settlement**: The Rule 23(b)(2) Settlement Class Members may not opt out of the Rule 23(b)(2) Settlement Class. Any proposed Rule 23(b)(3) Settlement Class Member who desires to be excluded from the Rule 23(b)(3) Settlement Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than twenty-one (21) days before the Final Approval Hearing. To be effective, the written request for exclusion must contain the Consumer's original signature, current postal address and telephone number, the last four digits of the Consumer's Social Security number,

and a specific statement that the proposed Rule 23(b)(3) Settlement Class Member wants to be excluded from the Rule 23(b)(3) Settlement Class. Any proposed Rule 23(b)(3) Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the Rule 23(b)(3) portion of the settlement.

15. **Objections**: Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notices, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and contain the objecting Settlement Class Member's signed verification of membership in the Rule 23(b)(2) Settlement Class, Rule 23(b)(3) Settlement Class, or both), with any papers in support of his or her position, and serve copies of all such papers upon Class Counsel and Defendant's Counsel. Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing. Objections to Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend(s) to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than ten (10) days before the Final Fairness Hearing and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the settlement.

16. **Preliminary Approval**: The Court preliminarily finds that the settlement of the Litigation, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

17. **Final Approval**: The Court shall conduct a Final Fairness Hearing on _____ at 701 East Broad Street, Richmond, VA 23219, commencing at _____, to review and rule upon the following issues:

   a. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

   b. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

   c. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Rule 23(b)(2) Settlement Released Remedies and Rule 23(b)(3) Settlement Released Claims against the Released Parties; and

   d. To discuss and review other issues as the Court deems appropriate.

18. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection

whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

19. An application or applications for attorneys' fees and reimbursement of costs and expenses from the Settlement Fund by Class Counsel, as well as application for a class representative incentive award, shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than ten (10) days prior to the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion.

20. The Settlement Agreement and this Order shall be null and void if any of the following occur:

   a. The Settlement Agreement is terminated or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

   b. The Court rejects, in any material respect, the Final Approval Order substantially in the form and content to be submitted by the Parties and the Parties fail to consent to the entry of another form of Order in lieu thereof;

   c. The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties, and the Parties do not consent to the Court's rejection; or

11

    d. The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

21. If the Settlement Agreement and/or this Order are voided per ¶ 20 of this Order:

    a. The class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

    b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

    c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

    d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

22. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

DATED: /0-/6-/4

22760093v1

**SO ORDERED**

/s/
James R. Spencer
Senior U. S. District Judge

12