IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

MARCUM, ET. AL.                                                    PLAINTIFFS,

VS.                          CIVIL ACTION NO. 3:12cv108

DOLGENCORP, INC., DOLLAR GENERAL                   DEFENDANTS.

## OBJECTION TO INJUNCTIVE RELIEF AND CONSENT ORDER

COMES NOW THE PLAINTIFF, TRAVIS R. WILSON, BY AND THROUGH HIS ATTORNEYS, AND FOR HIS OBJECTION STATES:

1. I AM PRESENTLY INCARCERATED IN THE ARKANSAS DEPARTMENT OF CORRECTION VARNER SUPERMAX UNIT LOCATED AT GRADY, ARKANSAS AS PRISONER NUMBER 154295. AS A RESULT, I AM UNABLE TO ACCESS ADDITIONAL INFORMATION CONCERNING THIS CASE BY MEANS OF THE INTERNET. ADC INMATES MAY NOT ACCESS THE INTERNET. AS A RESULT, ALL I HAVE TO RELY UPON IS THE NOTICE I HAVE RECIEVED (CLASS 23(b)(2) NOTICE ID: 1441296.

2. THE DEFENDANTS' ILLEGAL CONDUCT HAS RESULTED IN ACTIONABLE INJURY TO PLAINTIFF'S PROTECTED CIVIL RIGHTS.

3. THE INJURY IS SUBSTANTIAL AND MAY RESULT IN FUTURE COLLATERAL INJURY UPON PLAINTIFF'S CREDIT RECORD, REPUTATION, AND RIGHT TO RECOVER DAMAGES.

4. THE DEFENDANT'S HAVE VIOLATED THE PROTECTED CIVIL RIGHTS OF EACH CLASS MEMBER, AND SEEK TO AVOID FACING A CLASS DAMAGE AWARD BY MALICIOUSLY FORCING EACH CLASS MEMBER TO HIRE AN ATTORNEY WHO IS ABLE TO COMPREHEND AND EXPLAIN THEIR LEGAL SITUATION, PRESENTED BY THE NOTICE OF CLASS ACTION SETTLEMENT MENTIONED AND ISSUED HEREIN, AND, IF WAIVED IGNORANTLY, FORCING THEM TO HIRE AN ATTORNEY TO START THE LEGAL PROCESS ANEW.

5. THE CLASS IS COMPOSED OF BLUE COLLAR MEMBERS OF THE PUBLIC WHO ARE FINANCIALLY UNABLE TO AFFORD SUCH COSTLY INDIVIDUAL REPRESENTATION.

6. A CLASS ACTION RESOLVES THIS PROBLEM BY PROTECTING THE CLASS IN ONE COST EFFICIENT SUIT, WHICH SIMULTANEOUSLY ALLOWS THE GOVERNMENT TO RID ITS DOCKET OF MULTIPLE CASES INVOLVING IDENTICAL ISSUES, SAVING THE COURTS TIME, MONEY, AND RESOURCES.

7. EACH CLASS MEMBER IS ENTITLED TO A DAMAGE AWARD.

8. FOR THE ABOVE STATED REASONS, I HEREBY OBJECT TO THE DISMISSAL OF THE SUIT AS A CLASS ACTION AND RESERVE MY RIGHT TO FILE AS A CLASS OR MASS ACTION, AND TO RECOVER DAMAGES, IN THE INSTANCE THAT IT MAY CAUSE FUTURE IRREPARABLE HARM OR IMPAIRMENT TO MY PROTECTED CIVIL INTERESTS.


RECEIVED FEB -3 2015 CLERK, U.S. DISTRICT COURT RICHMOND, VA

WHEREFARE, I PRAY THAT THIS COURT GRANT MY OBJECTION TO THE ABOVE STATED ORDER, AND SET THE CASE FOR TRIAL OR SETTLEMENT AS A CLASS ACTION, EXECUTED THIS 22ND DAY OF JANUARY, 2015.

Travis R. Wilson
TRAVIS R WILSON
PLAINTIFF

STATE OF ARKANSAS )
                  ) SS.
COUNTY OF LINCOLN )

SUBSCRIBED AND SWORN TO BEFORE ME THIS 22 DAY OF January, 2015.

MY COMMISSION EXPIRES:

01/31/2021

FELICIA PIGGEE
NOTARY PUBLIC STATE OF ARKANSAS
JEFFERSON COUNTY
My Commission Expires 01-31-2021
Commission # 12382202

Felicia Piggee
NOTARY PUBLIC

Marcum v. Dolgencorp/Dollar General
c/o Settlement Administrator
P.O. Box 23650
Jacksonville, FL 32241

*4776-FC-091633*

75985**P1**T29*************AUTO**3-DIGIT 720
WILSON, TRAVIS R
2331 NEELEY
BENTON, AR 72015-5719

*A federal court has authorized this notice.*
*This is not a solicitation from a lawyer.*

Presorted STD
US Postage
PAID
Jacksonville, FL
Permit #2418

Class: 23(b)(2)

Notice ID: 1441296

---

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## NOTICE OF CLASS ACTION SETTLEMENT

**IF DOLLAR GENERAL USED YOUR CONSUMER REPORT (BACKGROUND CHECK) FROM FEBRUARY 13, 2010 THROUGH OCTOBER 14, 2014 A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS**

Under the proposed settlement, Dollar General will make changes to its disclosure form and practices under the Fair Credit Reporting Act ("FCRA"). These changes are summarized below and set forth in full at www.DolgenSettlementClass.com. In exchange, the settlement class releases the right to bring a claim for violation of 15 U.S.C. § 1681b(b)(2) of the FCRA, or any state law equivalent, as a class action or mass action.

A FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT IS SCHEDULED FOR FEBRUARY 26, 2015 AT 9:30 A.M.

| | |
|---|---|
| **IF YOU DO NOTHING** | If the settlement is approved, you will have waived and released your right to bring a claim as a class action or as a mass action against Dollar General pursuant to 15 U.S.C. § 1681b(b)(2) or any state law equivalent. The full release and released parties are available on the settlement website, www.DolgenSettlementClass.com. |
| **YOU MAY NOT EXCLUDE YOURSELF FROM THE SETTLEMENT** | Because this is a Rule 23(b)(2) class action settlement, you do not have the right to exclude yourself from the settlement completely (i.e. opt out). The Court's judgment will have a binding effect on the class. |

You may object to the settlement. In that event, you would remain in the settlement class but file written objections to the settlement. The Court will consider the objections in deciding whether to approve the settlement. Instructions for mailing objections are on the settlement website, www.DolgenSettlementClass.com/page/faq.

### WHAT IS THIS LAWSUIT ABOUT?

This lawsuit was filed on February 13, 2012, in the United States District Court for the Eastern District of Virginia (*Marcum, et al. v. Dolgencorp, Inc. a/k/a Dolgencorp, LLC d/b/a Dollar General*, Civil Action No: 3:12cv108).

Jonathan Marcum, and Jackie E. Lewis (the "Plaintiffs") sued Dolgencorp, LLC ("Dollar General" or "Defendant") alleging that it willfully violated the FCRA, 15 U.S.C. § 1681b(b)(2), because it allegedly did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure.

(Continued on Reverse Side)

Dollar General contends that it complied with the FCRA at all times. The Court has never made a determination that Dollar General violated the FCRA. This notice should not be interpreted as an expression of the Court's opinion on the merits of the lawsuit.

The "Rule 23(b)(2) Settlement Class" is defined to include:

> all natural persons who, according to the records of Defendant or its agents, were the subject of a background check report used by the Defendant or on the Defendant's behalf for an employment decision during the period beginning on February 13, 2010 through October 14, 2014.

You are receiving this notice because you are in that class.

**WHAT CAN I GET OUT OF THE SETTLEMENT?**

In exchange for dismissal of the lawsuit and the release of the remedy of bringing a lawsuit under 15 U.S.C. § 1681b(b)(2) or state equivalent as a class action or mass action, Dollar General has agreed to an Injunctive Relief and Consent Order requiring certain changes to its FCRA disclosure and practices. A summary of the Injunctive Relief and Consent Order's proposed provisions follows:

- For all new consumer reports Dollar General obtains for persons to whom a conditional offer of employment is made, Dollar General will use a new FCRA disclosure form agreed to by the parties. Dollar General will implement this disclosure within thirty (30) days of the effective date of the Injunctive Relief and Consent Order and will continue to use the form until the earlier of any change in the law as to the form, a change in the actual substantive requirements for the form as promulgated by the Federal Trade Commission or the Consumer Financial Protection Bureau, or two years from the date the Court's approval of the settlement becomes final.

- Dollar General may modify this form sooner than the periods above with either the consent of Plaintiffs' counsel, which shall not be unreasonably withheld, or approval of the Court.

- The new FCRA disclosure form and a statement of rights under the FCRA will be made available to all class members at **www.DolgenSettlementClass.com/page/disclosures**.

- The new FCRA disclosure form and a statement of rights under the FCRA will be sent to all class members who are still employed by Dollar General. Current employees of Dollar General are requested to visit **www.DolgenSettlementClass.com/page/employee** in order to sign the new FCRA disclosure.

**WHO ARE THE ATTORNEYS REPRESENTING THE CLASS AND HOW WILL THEY BE PAID?**

The Court has appointed lawyers to represent the class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the class are:

> Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, Janelle M. Mikac, and Casey S. Nash of Consumer Litigation Associates, P.C., and Christopher Colt North of The Consumer & Employee Rights Law Firm, P.C.

Subject to Court approval, Plaintiffs' Counsel will seek attorneys' fees in an amount not to exceed twenty-five percent (25%) of the settlement fund established for the administration of this settlement and to make cash payments in the separate settlement of 15 U.S.C. § 1681b(b)(3) claims. The named Plaintiffs may also ask the Court for a service award for them up to $10,000.00. These attorneys' fees, costs and service award payments will be paid from the settlement fund. To the extent there are funds remaining in the settlement fund after the settlement checks are distributed and the time to cash any checks has expired, any uncashed funds will be donated to the Virginia Poverty Law Center as a *cy pres* recipient.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

If the settlement is approved, you will have waived and released your right to bring or participate in a claim as a class action or as a mass action against Dollar General pursuant to 15 U.S.C. § 1681b(b)(2) or any state law equivalent.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Fairness Hearing on February 26, 2015, at 9:30 a.m. The hearing will be held in the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal U.S. Courthouse, 701 East Broad Street, Richmond, VA 23219. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website **www.DolgenSettlementClass.com/page/23b2**. For more information, you may also call 1-800-873-0581.